# Commonwealth ex rel. Ciampoli *v.* Heston.

*Criminal law—Sentence—Habeas corpus—Indictment—Selling narcotic drugs—Act of July 11, 1917, P. L. 758.*

1. Where a prisoner is held by virtue of a sentence in excess of that permitted by law, his release should be directed.

2. Where an indictment in two counts charges, first, possession of drugs, and, second, a sale of them to a person designated, the court cannot sentence the prisoner on both counts, inasmuch as the two constitute but a single offense.

3. The fact that witnesses were called at the trial to show sales to others than the prosecutor, is immaterial if it appears that such testimony was received only for the purpose of showing that the prisoner was engaged in the business of selling narcotics.

4. Where there has been a conviction on both counts the sentence under the Act of July 11, 1917, P. L. 758, should be, upon one count for not more than five years, and in addition the monetary penalty, if deemed wise.

Habeas corpus. No. 39 Miscellaneous Docket 5. Eastern District, Supreme Court.

*Wm. A. Gray,* for relator.

*John Monaghan,* District Attorney, *Lemuel B. Schofield,* Assistant District Attorney, and *Bryan A. Hermes,* Assistant District Attorney, for defendant.

OPINION BY MR. JUSTICE SADLER, March 12, 1928:

The relator, Albert Ciampoli, has made application for discharge from imprisonment in the Philadelphia County Prison, on the ground that he is unjustly confined therein. He claims to have served the full term which could properly have been imposed upon him, and insists that further detention is illegal. If he is held by virtue of a sentence in excess of that permitted by law, his release should be directed: Com. v. Morgan, 278 Pa. 395; Com. ex rel. Holinko v. Ashe, 290 Pa.

534. To determine the correctness of his contention, an examination of the record becomes necessary.

Defendant was charged with the possession and sale to various persons of narcotic drugs in violation of the Act of July 11, 1917, P. L. 758, which provides, in its fourth section, that "No person shall have in his possession or under his control, or deal in, dispose, sell, deliver, distribute, prescribe, traffic in, or give away, any of said drugs." For any violation, upon conviction, the one found guilty "shall be sentenced to pay a fine of not exceeding $2,000, or to undergo an imprisonment not exceeding five years, or both, at the discretion of the court."

Ciampoli was charged with making sales to various persons, and several true bills were found against him, each indictment charging, in two counts, first, possession of drugs, and, second, a sale of the same, without naming in any instance the individuals who purchased. He was first brought to trial on a bill entered to 303 April Sessions, 1923, being one of a series consecutively numbered. The Commonwealth declared, as appears by the record, that the charge to be tried was an illegal sale to one Gray, and that the hearing was so limited is likewise shown by the charge of the court. At the trial, evidence of sales to the one named, and also to others, was presented, but, as the record discloses, this latter testimony was offered solely for the purpose of showing defendant's general course of conduct. Upon conviction, the court entered this order: "Sentence 10 years C. P.," it being the evident intention of the trial judge to impose imprisonment of five years on each count. Even if a separate sentence for the possession and the sale was permissible under the circumstances, which we shall presently show not to be the case, the one imposed could not be sustained in the form entered, since it would have been requisite to designate a term of five years based on each count, and direct that the second sentence begin at the expiration of the first: Halder-

man's Petition, 276 Pa. 1. Therefore all of the imprisonment in excess of five years founded on Bill 303 is void and without effect.

Later, the defendant was called for trial on the indictment entered to number 476 September Sessions 1922. In this case defendant was also charged generally in two counts with possession and sale. An examination of the record, including the charge of the court, shows the prosecution here was for a sale to one Williams. As in the former proceeding referred to, proof of sales to others was offered solely to show a course of business in narcotics carried on by Ciampoli. After a verdict of guilty, the following order was entered: "Sentence on first count five (5) years C. P., on second count five (5) years C. P., to begin at expiration of sentence imposed on first count. This sentence to begin May 11, 1923, and run concurrent with sentence imposed May 11, 1923, on bill 303 April Term 1923."

The right of the court to impose punishment on both of the counts, one charging the possession of the drug by the defendant, and the other the sale of the same to a named individual is now questioned. What was said in Com. v. Basha, 80 Pa. Superior Ct. 320, where the question as to whether possession of intoxicating liquor and its unlawful transportation in one particular case was to be treated as more than one transgression of the law can well be repeated here, for it accurately states the legal principle which controls the present situation. "Where, however, two or more of the things forbidden are but successive steps in the same transaction, or where one of them necessarily involves another, they may merge and constitute but a single offense; thus when there is an offer to sell and a sale therefrom resulting, the offer is merged in the sale; and when the possession of liquor is during the course of transportation this constitutes but one offense. While as a matter of public policy each act has been individualized and made to amount to the full and complete offense,

the statute has not attempted to change the nature of the acts as possible parts of the same transaction, and where that is in fact the case, and two or more of the enumerated acts are so connected that one necessarily involves the other, they are merged and become but one offense": Citing Com. v. Mentzer, 162 Pa. 646; Com. v. Zeitler, 79 Pa. Superior Ct. 81; Com. v. Kolb, 13 Pa. Superior Ct. 347.

The same proposition was thus stated by Justice SAN-BORN in Stevens v. McClaughry, 207 Fed. 18, where the defendant had been sentenced to imprisonment on each of two counts, charging different phases of the same offense, and was discharged on habeas corpus after serving the imprisonment imposed upon one (p. 20): "The principle upon which the decisions in these cases rest is that two or more separate offenses which are committed at the same time and are parts of a single continuing criminal act, inspired by the same criminal intent which is essential to each offense, are susceptible to but one punishment......Counsel call attention to the conceded rule that charges of separate offenses of the same class may be joined in separate counts in the same indictment. But this rule and the practice under it does not detract from the soundness or effect of the principle that two or more separate offenses which are committed at the same time and are parts of a continuing criminal act inspired by the same indispensable felonious intent are susceptible of but one punishment." To these cases we may add Muncy v. U. S., 289 Fed. 780; Reynolds v. U. S., 280 Fed. 1; Rossman v. U. S. 280 Fed. 950.

It is true that the Act of 1917 makes either possession or sale of drugs a misdemeanor, and there were separate counts in bill 476 charging generally the commission of each offense, but the record shows the conviction of relator was for selling to one Williams narcotics, which defendant had in hand. The possession and sale were but two successive steps in the same transaction, and

therefore a sentence could be imposed on but one count of the indictment. To hold otherwise would justify many separate counts for the various phases of the offense of selling suggested in the Act of 1917, and the imposition of sentences on each in case of guilt. Thus there could be added one for prescribing the drug, another for distributing it, a third for trafficking in it, and the final sentence imposed might far exceed the maximum fixed by the act. It is suggested by the Commonwealth that since witnesses were called at the trial to show sales to others, there was proof that defendant had possession of more and other drugs than those sold to the prosecutor, but this testimony was received solely for the purpose of showing defendant was engaged in the business of selling drugs, and the issue tried was as stated in the charge of the learned court, to wit, the sale of narcotics to Williams. Under these circumstances, the sentence should have been limited, after verdict of guilty, to imprisonment upon one count for not more than five years, and, in addition, the monetary penalty, if deemed wise.

As we have noted, no fine was imposed, and the jail sentence was directed to begin May 11, 1923, the date fixed for the beginning of the sentence imposed on indictment No. 303, which latter was, however, enforceable only to the extent of five years. The sentence entered to No. 476 must be amended so as to strike therefrom the term imposed on the first count charging possession alone (Halderman's Petition, 276 Pa. 1), thus reducing the term of imprisonment to the maximum legally permissible.

It follows that the defendant is entitled to his discharge on May 11, 1928, unless allowed commutation under the provisions of the Act of May 11, 1901, P. L. 166. Whether he is so entitled is not, however, for us to determine, but is a question committed to the officers named in that act (In re Raymond, 110 Fed. 155), and, in so far as we are advised by the record, no allowance

506 COMMONWEALTH ex rel. CIAMPOLI *v.* HESTON.

for good behavior has been made. The present discharge prayed for must therefore be refused, as the time of the legal confinement has not expired.

As above indicated, the facts are fully developed in the pleadings relating to this application, and we have treated the case as though the writ had issued and Albert Ciampoli was before us. For the reason already given, his petition to be discharged on habeas corpus, entered to No. 39 Miscellaneous Docket 5, is dismissed, but the sentence imposed on the first count of indictment 476 must be stricken off, and respondent may treat the commitment under which he holds the relator as though it had been amended accordingly.