## Commonwealth v. Martin

*Curtis C. Carson, Jr.*, for Commonwealth.
*Garfield W. Levy*, for defendant.

HAGAN, J., October 14, 1955.—Defendant, William Martin, was indicted on a bill which contained two counts, the first for unlawful possession of narcotic drugs on March 11, 1955, and the second for the unlawful sale of narcotic drugs on the same day. The indictment came on for trial before the writer of this opinion on August 8, 1955, defendant having waived a jury trial.

In support of the second count of the indictment, the Commonwealth produced evidence of a sale of narcotic drugs by defendant to one Willie Lewis at 12:30 p.m. on March 11, 1955, immediately after he had emerged from premises 2013 West Oxford Street, in the City of Philadelphia, which premises were then in the possession of defendant. The Commonwealth also introduced evidence tending to show a sale by defendant to one Donald Wright on said March 11,

1955, of a package containing heroin, but no evidence was produced by the Commonwealth that the heroin content of the package was within the prohibition of the Act of Assembly, and the Commonwealth's evidence as to this essential element of proof was attempted to be supplied by proof of the effect which the use of the drug had upon the purchaser, who was a drug addict and who testified against defendant. However, the evidence of the alleged sale to Wright was offered by the Commonwealth only for the purpose of showing a course of conduct on the part of defendant as a seller of narcotic drugs.

In support of the first count of the indictment, the Commonwealth produced evidence of a raid by police officers upon defendant's premises, 2013 West Oxford Street, Philadelphia, at 7:30 p.m., on March 11, 1955 (some seven hours after the sale of narcotic drugs by defendant to Willie Lewis), as a result of which raid several bags containing heroin, together with paraphernalia commonly used by drug addicts, were found in a closet on the second floor of the premises.

At the conclusion of the Commonwealth's evidence, counsel for defendant made the following statement:

"MR. LEVY: As to the defendant William Martin, since *we have been tried on all these offenses*, we will offer no defense and the defendant closes, with this one understanding: The defendant would like to make a statement as to his own addiction to drugs for the record. *There is no question he is guilty of possession, and I think under this evidence of sale.* If we may add this one statement by the defendant, that will be the defendant William Martin's case." (Italics supplied.)

Defendant then testified in his own behalf, and in his testimony he did not controvert the evidence of the Commonwealth as to the sale of narcotic drugs to Lewis; he specifically admitted that he had been using narcotic drugs for a period of five months before his

arrest, and he also admitted ownership of the drugs and paraphernalia which had been confiscated by the police in the raid on his home on March 11, 1955.

Under the foregoing evidence, defendant was adjudged guilty on both counts of the indictment. Before imposing sentence upon defendant, the trial judge considered: (a) The record of defendant, which disclosed that in the year 1953 he had been indicted under the Federal Narcotics Act, convicted and sentenced to the Federal Correctional Institute, at Danbury, for a term of two years, and (b) statements made to the court by Lieutenant McDermott (who had been in charge of investigations made by the Police Department of the City of Philadelphia concerning the illegal traffic in narcotic drugs in the city) as to defendant's activity in the illegal traffic in narcotics. Because of defendant's prior record and his connection with the narcotic drug traffic in the city, the assistant district attorney requested that the trial judge impose maximum sentences upon defendant in respect to each count of the indictment, to wit: A sentence of five years imprisonment upon each count of the indictment, or a total sentence of 10 years in the county prison. Also in support of his request, the assistant district attorney directed to the attention of the court that, if the bill of indictment in this case had contained an averment of defendant's prior conviction under the Federal Narcotics Act, the trial judge would have been obliged to impose the mandatory sentence which the Pennsylvania Act of Assembly provides for a second offense, to wit, not less than five nor more than ten years. After full consideration of all of the foregoing factors, the trial judge imposed upon defendant a sentence of five years in the county prison in respect to each of the two counts in the bill of indictment, directing that the sentences should run consecutively and not concurrently.

Defendant thereupon filed motions (a) for a new trial, (b) in arrest of judgment and (c) for correction of an illegal sentence. Thereafter the court heard oral argument on the motions, and briefs were submitted by counsel for defendant and the Assistant District Attorney in support of their respective positions.

Counsel for defendant did not argue and did not press defendant's motions for new trial and in arrest of judgment, and in his brief he states that the only question at issue is whether the trial judge had the authority to impose separate sentences upon each count of the indictment.

As we understand defendant's argument, he advances two reasons in support of his position that defendant could have been sentenced only upon one count of the indictment: (1) That, under the evidence, there was a merger of the crimes of possession and sale; and (2) that defendant was indicted only for the unlawful sale of narcotic drugs and the possession necessarily incident to the sale, and that, per contra, defendant was not separately indicted for the unlawful possession of the narcotic drugs which were found in his possession following the sale.

As to the merger of crimes, the test is clearly set forth by the Supreme Court in Commonwealth v. Comber, 374 Pa. 570, 584, as follows:

". . . '. . . "The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny . . .""" (Italics not ours.)

Applying this criterion, it is clear that possession of drugs merges in the sale of the *same* drugs, and it was so held in Commonwealth ex rel. v. Heston, 292

Pa. 501. However, in the instant case the sentence imposed upon the first count was not based upon possession of the same drugs sold to Lewis, but upon possession of other drugs which were subsequently found in defendant's possession. Defendant argues that, under the Commonwealth's theory, a person who sells one half of drugs originally in his possession and retains the other half, which is later found in his possession, is guilty of two crimes, but that if he had sold all of the drugs to one person at the same time, he would have been guilty of but one crime. However, if that person had later sold the drugs he had retained, he would clearly have been guilty of another and separate crime of sale. If, therefore, under such circumstances, he could have been found guilty of selling the drugs he retained, we can see no reason why he could not have been found guilty of possessing the same drugs.

Defendant's second and final contention is that he was never indicted for the possession of the unsold narcotics, and that the indictment as drawn could only support a sale of narcotics and the possession necessarily incident thereto. The unsoundness of defendant's contention becomes readily apparent by comparing the instant case with Commonwealth ex rel. v. Heston, supra. There, as here, defendant was indicted on one bill containing two counts, one generally alleging possession and the other generally alleging a sale of narcotic drugs, without naming a specific person to whom the sale was made. In the cited case, however, the Commonwealth specifically declared that the charge to be tried was a sale to one specific person, and the trial was so limited. Although evidence of sales to other persons was admitted, it was offered solely for the purpose of showing defendant's general course of conduct. Thus, in holding that defendant was improperly sentenced on both counts of the indictment,

the sentence to run consecutively, the court said at page 505:

". . . It is suggested by the Commonwealth that since witnesses were called at the trial to show sales to others, there was proof that defendant had possession of more and other drugs than those sold to the prosecutor, but this testimony was received solely for the purpose of showing defendant was engaged in the business of selling drugs, and the issue tried was as stated in the charge of the learned court, to wit, the sale of narcotics to Williams. Under these circumstances, the sentence should have been limited, after verdict of guilty, to imprisonment upon one count for not more than five years, and, in addition, the monetary penalty, if deemed wise."

On the other hand, in the instant case defendant's attorney stated to the court at page 54 of the notes of testimony:

"If the Court please, I am a little bit confused. I thought we came here to face one charge of sale on March 11, 1955. Apparently this is not one charge but two charges. It seems to be two or three charges of possession as to Martin", and later on the same page:

". . . If Your Honor rules I am defending against all I am satisfied."

On the following page defendant's attorney again stated:

"It [testimony as to other offenses] is all going in, but for what purpose? This is not a course of conduct where the actions of the defendant are questioned before or at that time and would be considered. This is a separate offense. If Your Honor will indicate that all these offenses testified to are covered by this Bill of Indictment, I will be satisfied", and again, at the conclusion of the Commonwealth's case, counsel for defendant addressed the court as follows:

"MR. LEVY: As to the defendant William Martin, since *we have been tried on all these offenses*, we will offer no defense and the defendant closes, with this one understanding: The defendant would like to make a statement as to his own addiction to drugs for the record. *There is no question he is guilty of possession, and I think under this evidence of sale."* (Italics supplied.)

In view of these statements, counsel for defendant cannot now be heard to say that he did not realize that his client was being tried on both counts of the indictment.

For the foregoing reasons, defendant's motions are dismissed.