361 A.2d 712
**COMMONWEALTH of Pennsylvania**
v.
**Gregory John PROIETTO, Appellant.**

Superior Court of Pennsylvania.
June 28, 1976.

386

Calvin S. Drayer, Jr., Asst. Public Defender, Norristown, for appellant.

Milton O. Moss, Dist. Atty., William T. Nicholas, First Asst. Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appeals Div., Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ., concurring.

CERCONE, Judge:

At approximately 1:30 P.M. on October 17, 1974 Anthony Iorio, an undercover narcotics agent for the Bureau of Drug Control of the Pennsylvania Department of Justice, went to 410 Spring Mill Avenue, Conshohocken, Pennsylvania, and knocked on the door. Appellant answered the door and Agent Iorio, after introducing himself as Tony, stated that he was there to obtain some

heroin. Appellant stated that he was going to Philadelphia for that purpose and asked Agent Iorio how much he wanted. Agent Iorio replied that he wanted one bundle, i. e., between twenty-four and thirty bags of heroin. Appellant stated that a bundle would cost $140. Agent Iorio agreed on the price and gave appellant $140. Agent Iorio and appellant then left the house together and agreed to meet later that afternoon at a MacDonald's restaurant in West Conshohocken. At approximately 4:40 P.M. a man in a brown Dodge approached Agent Iorio and stated, "Follow me. He has your dope." Agent Iorio followed the Dodge to the house at 410 Spring Mill Avenue where he found appellant and several other persons. Appellant removed a bundle of heroin from his pocket, took out four bags, and gave Agent Iorio the rest. Appellant said he kept the four bags for his trouble.

That same day appellant was arrested and charged with possession [1] and delivery [2] of heroin in violation of the Controlled Substance, Drug, Device and Cosmetic Act. On April 24 and 25, 1975 appellant was tried by a jury and found guilty. Post verdict motions were refused, and appellant was sentenced to two to five years in prison on the delivery count with sentence suspended on the possession count.

Appellant now appeals to this court raising four issues. Three of the issues were not raised at trial and are therefore not now properly before us. *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974); *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1973). Appellant's fourth issue, i. e., that his trial counsel was ineffective, while not raised at trial, is nevertheless reviewable on direct appeal. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). In reviewing a claim of in-

1. Act of April 14, 1972, P.L. 233, § 13(a)(16), as amended, 35 P.S. § 780–113(a)(16) (1975–76 pocket part).
2. Act of April 14, 1972, P.L. 233, § 13(a)(30), as amended, 35 P.S. § 780–113(a)(30) (1975–76 pocket part).

effective assistance of counsel the standard to be applied is that set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–5, 235 A.2d 349, 352 (1967).

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

■ In support of his claim of ineffective assistance of counsel appellant points to four alleged errors made by his trial counsel. First appellant contends that his trial counsel was ineffective in not objecting to the court's charge as to entrapment. After studying the record, we find appellant was not entitled to any charge on entrapment. In *Commonwealth v. Conway*, 196 Pa. Superior Ct. 97, 104, 173 A.2d 776 (1961) we stated that the defense of entrapment need only be submitted to the jury if there was evidence that the defendant was not disposed to commit the crime and that the police conduct was likely to entrap the innocently disposed defendant. See also *Commonwealth v. Mott*, 234 Pa.Super. 52, 59, 334 A.2d 771 (1975) (Opinion by Cercone, J. in support of reversal). In the instant case there is no evidence as to either of these factors. In fact, appellant presented no evidence whatsoever in his defense. Accordingly appellant cannot now complain as to the form of the trial court's charge as to entrapment.

■ Secondly, appellant contends that his trial counsel was ineffective in not introducing evidence as to appellant's lack of a criminal record. Appellant, however, cites no case law, nor could we find any, which would

require the introduction of such evidence. Accordingly the failure to introduce such evidence cannot be deemed ineffective.

■ Thirdly, appellant contends that his trial counsel was ineffective in failing to move for a mistrial on the basis of remarks directed toward him by the judge in the presence of the jury. Appellant argues that the comments in question influenced the jury in a prejudicial manner. We disagree. While there are situations where a new trial is necessitated by a judge's comments, see *Commonwealth v. Horvath,* 446 Pa. 11, 285 A.2d 185 (1971), we find no such compulsion here. The trial judge did nothing more than rule on a relevancy objection made by the Commonwealth. A motion for a mistrial would have been at best frivolous.

■ Lastly, appellant contends that his trial counsel was ineffective in failing to raise a merger argument. Appellant, who was convicted of both possession and delivery of heroin, argues that the possession count merges into the delivery count. While under certain circumstances a possession count would merge into a delivery count, *Commonwealth v. Williams,* 219 Pa.Super. 304, 279 A.2d 303 (1971); *Commonwealth ex rel. Ciampoli v. Heston,* 292 Pa. 501, 141 A. 287 (1928), the facts of the instant case mandate a different result. When appellant gave Agent Iorio the bundle of heroin he removed and kept four bags. Accordingly appellant's conviction for possession can stand independent of his conviction for delivery.

Affirmed.

JACOBS, J., concurs in the result.