392 A.2d 758

**COMMONWEALTH of Pennsylvania**

**v.**

**Roger Worth TAGGART, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1977.

Decided Oct. 20, 1978.

William R. Wheatly, Lancaster, for appellant.

Louise G. Herr, Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Roger Worth Taggart, was convicted by a jury on January 24, 1974 of burglary and theft by unlawful taking or disposition. Appellant was then sentenced to four to eight years in prison. A Post-Conviction Hearing Act petition was filed by appellant, resulting in an award of a new trial.

Harold W. Budding, a member of the Lancaster County Public Defender's Office, was appointed to represent appellant at this second trial. Appellant was retried before a jury on November 20, 1975 and found guilty of burglary. Immediately following the verdict, appellant was called be-

fore the court for sentencing. In the colloquy advising appellant of his right to appeal pursuant to Pa.R.Crim.P. 1123, the court warned appellant that by standing for sentence he was waiving the right to file motions in arrest of judgment and for a new trial. Appellant told the court that he was aware of that fact. At all times during the pre-sentence colloquy appellant was represented by trial counsel. The court sentenced appellant to serve three to six years in prison. Appellant then advised the court that he wanted to take an appeal.

Appellant's appeal was perfected by Edward F. Browne, Jr., also a member of the Lancaster County Public Defender's Office. After the filing of that appeal, appellant advised Mr. Browne that he intended to raise the issue of ineffective assistance of trial counsel. Because both trial and appellate counsel were members of the same office, appellate counsel felt that a conflict of interest was involved, so he petitioned this court for leave to withdraw as counsel for appellant. Permission was granted by this court on March 9, 1976. On March 30, 1976 William R. Wheatly was appointed by the lower court to represent appellant in this appeal.

Appellate counsel then filed with this Court a petition to remand for an evidentiary hearing on the ineffective assistance of counsel issue which was denied by per curiam order on December 8, 1976. However, in his appeal brief before this Court appellant again requested that his case be remanded for an evidentiary hearing on the claim of ineffective assistance of counsel. For the reasons set forth below, we now grant appellant's request for an evidentiary hearing.

The Commonwealth argues that appellant waived the right to raise the issue of ineffective assistance of counsel on direct appeal because appellant waived his right to file post-verdict motions. It is the Commonwealth's position that appellant should first have raised this issue in post-verdict motions and that his failure to do so precludes his raising the issue of trial counsel's alleged ineffectiveness in this direct appeal. This argument is unsound. The

Supreme Court has recognized and specifically noted that it is unrealistic to expect trial counsel to argue his own ineffectiveness on direct appeal. *Commonwealth v. Dancer,* 460 Pa. 95, 100, 331 A.2d 435 (1975). However, when an appellant is represented by new counsel on appeal, an allegation of ineffective assistance of trial counsel must be raised at that time, for the failure to do so bars an appellant from raising this issue in a subsequent PCHA proceeding. *Commonwealth v. Twiggs,* 460 Pa. 105, 107, 331 A.2d 440 (1975). In the instant case, new counsel for appellant properly raised the issue of ineffective assistance of trial counsel on direct appeal. The fact that appellant chose to waive the filing of post-verdict motions does not necessarily mean that appellant also waived the issue of ineffective assistance of trial counsel. Appellant raised this issue at the first opportune time, i. e., when new counsel was appointed for appellant. We therefore conclude that appellant may argue the issue of ineffective assistance of counsel in this appeal. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Carter,* 463 Pa. 310, 344 A.2d 846 (1975); *Commonwealth v. Wilks,* 250 Pa.Super. 182, 378 A.2d 887 (1977); *Commonwealth v. Proietto,* 241 Pa.Super. 385, 361 A.2d 712 (1976). See *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

█ Where the record is inadequate to resolve a claim of ineffective assistance of counsel, it is proper for an appellate court to remand for an evidentiary hearing on that issue. *Commonwealth v. Moore,* 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Strachan,* 460 Pa. 407, 333 A.2d 790 (1975); *Commonwealth v. Jackson,* 457 Pa. 237, 324 A.2d 350 (1974); *Commonwealth v. Fricke,* 250 Pa.Super. 370, 378 A.2d 982 (1977). As noted above, appellant points to many instances of alleged ineffectiveness of trial counsel, most of which are matters outside the record. In accord with the above-mentioned appellate decisions of this Commonwealth, we now deem it necessary to remand this case for an evidentiary hearing to determine if appellant's allegations can be substantiated.

214

Accordingly, the within case is remanded for an evidentiary hearing on the issue of ineffective assistance of trial counsel. If the lower court finds evidence sufficient to establish ineffective assistance of trial counsel the lower court should award appellant a new trial. If the lower court finds the evidence is not sufficient to establish ineffective assistance, appellant may then appeal that decision to this Court.

It is so ordered.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.