434 A.2d 785

**COMMONWEALTH of Pennsylvania,**

v.

**David H. EVERETT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Sept. 4, 1981.

Petition for Allowance of Appeal Denied Nov. 30, 1981.

Alan Ellis, State College, for appellant.

Michael Butera, Assistant District Attorney, Pittston, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant pleaded guilty to a three count information in which he was charged with possession of marijuana,[1] possession with intent to deliver,[2] and the manufacture of marijuana.[3] All charges rose out of a raid of appellant's apartment, conducted by the Pennsylvania State Police. The state police recovered 112 pounds of marijuana, $28,578, in U. S. currency, and paraphernalia related to the manufacture and distribution of marijuana. The Commonwealth in accordance with its agreement with appellant, recommended that if appellant was to be given jail time, he should serve it in the county jail and if eligible for and accepted by such program, be placed in a work-release program. The court accepted appellant's plea and ordered a pre-sentence investigation.

■ On the charge of possession with intent to deliver, appellant was sentenced to a term of eighteen (18) to thirty-six (36) months incarceration in the county jail; work-release was recommended if appellant met the conditions of the program. On the count of manufacturing, the court

1. 35 P. S. § 780–113(16).

2. 35 P. S. § 780–113(30).

3. 35 P. S. § 780–113(30).

imposed a two year period of probation, to run consecutively to the term of imprisonment and any period of parole resulting therefrom.[4] The Internal Revenue Service had filed a lien for $27,261.50 against the $28,578 confiscated. The court ordered the remainder to be distributed to a number of charitable organizations.

Appellant filed a motion challenging the validity of his guilty plea. He filed a second motion to vacate the sentence as well as challenging the guilty plea. The court below denied both motions. Appellant then appealed to this Court. On this appeal, appellant attacks the validity of his guilty plea; the propriety of the sentence imposed and the confiscation and apparent forfeiture of the money.

During the guilty plea colloquy, the court initially informed appellant that he could be sentenced to a maximum term of five years and/or fined $15,000 on each of the two counts. A brief discussion occurred concerning an agreement between the appellant and the Commonwealth that the possession with intent to deliver would merge with the manufacturing count. Thereafter, the court revised its statement to indicate that the appellant would only be subjected to one term of five years and/or a fine. Appellant here claims that his plea was invalid because the court sentenced him on two counts, when it had previously indicated he could only be sentenced on the one count.

We agree that this inconsistency entitles appellant to some relief. A defendant must be informed of the maximum punishment he may face before the court can accept his guilty plea. *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978). Here, however, the problem lies not so much with the plea but with the sentencing. The lower court assumed during the colloquy that the charges would merge; the record is unclear as to whether this was an acceptance of the plea bargain or whether the court did

4. The lower court correctly found the charge of possession merged with the charge of possession with intent to deliver. See *Commonwealth v. Williams*, 219 Pa.Super. 304, 279 A.2d 303 (1971); cf. *Commonwealth v. Proietto*, 241 Pa.Super. 385, 361 A.2d 712 (1976).

believe the charges would merge. In the present circumstances we do not believe the merger doctrine is applicable.

"As previously indicated, all of the charges against appellant arose out of the same criminal transaction.... In determining whether the respective charges merge the test to be applied 'is ... whether one crime necessarily involves another ....' *Commonwealth v. McCusker*, 363 Pa. 450, 457, 70 A.2d 273, 276 (1950), citing *Commonwealth ex rel. Moszcynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941); *Commonwealth v. Hill*, 237 Pa.Super. 543, 353 A.2d 870 (1976). Moreover, '... in order for one crime necessarily to involve another, the essential elements of one must also be essential elements of the other.' *Commonwealth v. Olsen*, 247 Pa.Super. 513, 372 A.2d 1207, 1211 (1977)." *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 391 A.2d 662 (1978).

Appellant was charged with three counts; one under 35 P. S. 780–113(16), possession; and two under subsection(30), possession with intent to deliver and the manufacture of marijuana.[5] As previously noted the two possession counts merged. However, the same does not hold true for the manufacturing charge. In *Commonwealth v. Proietto*, 241 Pa.Super. 385, 361 A.2d 712 (1976) this court affirmed a conviction for both delivery and possession finding that "[w]hen appellant gave [the undercover officer] the bundle of heroin he removed and kept four bags. Accordingly appellant's conviction for possession can stand independently of his conviction for delivery." 241 Pa.Super. at 390, 361 A.2d 712. In this case, an actual or attempted delivery could

---

5. (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

not be demonstrated, but could be inferred from the possession of a large amount of marijuana and so appellant was not charged with delivery. However, the charge of manufacturing was not dependent solely upon possession of a large quantity of marijuana; the state police also seized other paraphernalia associated with the manufacture of marijuana as well as a number of marijuana plants.[6] The Controlled Substance, Drug, Device and Cosmetic Act states:

"Manufacture" means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, other drug or device or the packaging or repackaging of such substance or article, or the labeling or relabeling of the commercial container of such substance or article, but does not include the activities of a practitioner who, as an incident to his administration or dispensing such substance or article in the course of his professional practice, prepares, compounds, packages or labels such substance or article. The term 'manufacturer' means a person who manufactures a controlled substance, other drug or device." 35 P. S. § 780–102.

Accordingly, the manufacturing count in these circumstances stands independently of the conviction for possession.

■ During the plea colloquy, the court advised appellant he could be sentenced only on one count, when actually he could have been sentenced on two counts. From our perspective, the error which appellant complains of lies not in the plea colloquy but in the sentencing. Accordingly, we must remand for resentencing.[7]

Our discussion does not end here, for appellant alleges other errors which he claims demonstrate that his plea was not knowingly, intelligently and voluntarily entered.

6. The receipt/inventory filed in this case in conjunction with the execution of the search warrant indicates that weighing scales, a number of marijuana plants, and a tray of marijuana drying in an oven were seized.

7. Appellant raises other errors concerning the sentencing, due to our disposition here we need not discuss them.

 Appellant in his second attack upon his guilty plea alleges that no factual basis existed for the charge of manufacture. See *Commonwealth v. Nelson*, 455 Pa. 461, 317 A.2d 228 (1974). The court, after conducting the colloquy, requested the Commonwealth to set forth the factual basis for the charges. In regards to the manufacture, a state police trooper simply stated that "other paraphernalia associated with the manufacture and distribution of marijuana was confiscated." From this, the court may have satisfied itself that a basis did exist. This claim is more of an attack upon the sufficiency of the evidence. By pleading guilty, appellant has waived such issue. A guilty plea constitutes a waiver of all nonjurisdictional defects and defenses. *Commonwealth v. Montgomery*, 485 Pa. 110, 401 A.2d 318 (1979); *Commonwealth v. Arndt*, 269 Pa.Super. 578, 410 A.2d 852 (1979).

 Next appellant argues that his plea was invalid because several words or terms were not defined to him. Specifically, appellant claims the court should have defined: marijuana, manufacture, knowingly, intentionally and possession. In his motion challenging the validity of his plea, he mentioned only that the failure to define marijuana invalidated the plea. Appellant has therefore waived consideration of the definition of the other words. See *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978). Appellant claims the court should have informed him of the statutory definition found in the Controlled Substance, Drug, Device and Cosmetic Act, 35 P. S. § 780–102(b).[8] He cites *Commonwealth v. Ingram*, 455 Pa. 198, at 203–204, 316 A.2d 77 (1974) which held that "for an

8. "Marihuana" consists of all forms, species and/or varieties of the genus Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin; but shall not include tetrahydrocannabinols, the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, cake, or the sterilized seed of such plant which is incapable of germination.

examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." We, note that "marijuana" has a commonly accepted and easily understood meaning. The record of the guilty plea colloquy demonstrates that appellant understood the charges and the nature of those charges. (N.T. Guilty Plea, pp. 3–4) Accordingly, we find no merit to this claim of appellants.

█ Finally, appellant claims he was improperly convicted several times for a single act and therefore his plea is invalid. As previously discussed, at the time he entered his guilty plea the court indicated he was pleading guilty only to one count. Any error there benefited appellant.

█ Lastly, we must consider the court's disposition of the confiscated money. Appellant was sentenced on June 7, 1979, at that time the court ordered the remainder of the money; i. e. the sum to which the Internal Revenue Service had not filed a lien, to be distributed among a number of charities. At that time appellant indicated he would file a petition under Rule 324, Pa.R.Crim.P. for the return of such amount. Appellant through his counsel filed such petition the same day. The court entered an order to show cause upon the Commonwealth, returnable June 13, 1979. The Commonwealth contends that a stipulation was agreed to on August 2, 1979, wherein the petition was withdrawn. However, such stipulation does not appear in the record. Accordingly, upon remand the lower court should also dispose of appellant's petition.

Sentence is vacated. Case is remanded for resentencing in accordance with the Sentencing Code and Guide Lines and for disposition of appellant's petition for return of property.

HESTER, J., files a concurring opinion.

HESTER, Judge, concurring:

I concur with the majority. Appellant entered counseled pleas of guilty to the charges of possession of marijuana,

possession of marijuana with intent to deliver and the manufacture of marijuana. The raid on his premises produced 112 pounds of marijuana, weighing scales, marijuana plants, a tray of marijuana drying in the oven, $28,578 in United States currency and other paraphernalia associated with the manufacture and distribution of marijuana. This was no minor undertaking. The facts indicate that appellant was a major marijuana distributor.

Appellant was a graduate of a vocational technical school; he attended a community college and he was an Honorably Discharged veteran of the Military where he attained the rank of Specialist Fourth Class. He was and continues to be represented by private counsel. His plea was obviously intelligently and voluntarily entered.

Appellant received a lenient sentence in view of the serious crimes involved in his pleas. I agree that we must remand for resentencing in accordance with the Sentencing Code and guidelines, in all other respects, the appeal is patently frivolous.