449 A.2d 38

COMMONWEALTH of Pennsylvania

v.

Darrell EDWARDS, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 8, 1982.

Filed Aug. 6, 1982.

John H. Corbett, Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

BROSKY, Judge:

Appellant was tried without a jury and convicted of possessing a controlled substance,[1] possessing a controlled substance with intent to deliver,[2] and delivery of a controlled substance.[3] He was sentenced to a term of one and one-half to five years imprisonment on the delivery count; that sentence was suspended and appellant was placed on probation for five years. He was ordered to pay costs, a fine, and to repay the money used by the police to purchase the controlled substance from him. Upon payment of the costs, sentence was suspended as to the remaining counts. Post-trial motions were denied and this appeal followed. The sole issue before us is whether the possession counts merged with the delivery count. We find that they do and therefore reverse the judgment of sentence as to the possession counts.

Appellant argues that both the possession and possession with intent to deliver counts should be seen as merged into the delivery count.[4]

In *Commonwealth v. Wojciechowski*, 285 Pa.Super. 1, 7, 8, 426 A.2d 674, 677 (1980), we explained (citing cases):

"It is well established that for two crimes to merge, one must 'necessarily involve' the other. . . . The true test of whether one criminal offense has merged into another . . . is whether one crime *necessarily involves* another, as for

1. 35 P.S. § 780–113(a)(16).

2. 35 P.S. § 780–113(a)(30).

3. 35 P.S. § 780–113(a)(30).

4. Although appellant did not raise the issue as to the possession charge below, we will not treat it as having been waived. See: *Commonwealth v. Turner*, 265 Pa.Super. 486, 402 A.2d 542 (1979).

example, rape involves fornication, and robbery involves both assault and larceny.... Two crimes *may be* successive steps in *one* crime and therefore merge...." (emphasis in original)

■ Delivery necessarily includes possession with the intent to deliver and possession with the intent to deliver clearly includes possession. The charges are therefore merged for sentencing purposes. See 35 P.S. § 780–113(a)(30). See also *Commonwealth v. Williams*, 219 Pa.Super. 304, 279 A.2d 303 (1971), where possession and sale offenses were held to merge and *Commonwealth v. Everett*, 290 Pa.Super. 344, 434 A.2d 785 (1981), in which possession and possession with intent to deliver were found to merge.

■ A new trial is not, however, the proper remedy. Instead, we will vacate the suspended sentence as to the possession and possession with intent to deliver charges. See *Commonwealth v. Turner*, 265 Pa.Super. 486, 402 A.2d 542 (1979); *Commonwealth v. Brown*, 290 Pa.Super. 448, 434 A.2d 838 (1981).

Suspended sentence as to the possession and possession with intent to deliver counts vacated. Sentence affirmed as to the delivery conviction.