In re Bradford Clark TIMBERS, District Justice In and For Magisterial District 31–2–03.

No. 3 JD 95.

Court of Judicial Discipline of Pennsylvania.

Oct. 31, 1995.

Before McCLOSKEY, President Judge, and BURNS, DONOHUE, CASSEBAUM, MAGARO and MESSA, JJ.

BURNS, Judge.

## Procedural Background

On July 3, 1995, the Judicial Conduct Board filed a six-part Complaint with this Court formally charging the Respondent with a total of forty-two Counts of misconduct. The Respondent filed an Omnibus Motion on August 1, 1995 which demurred generally to three parts of the Complaint, raised the issue of the Respondent's alleged alcohol dependency, and sought the recusal of a member of this Court. The Conference Judge issued an Order disposing of the Motion by (1) denying the demurrers, (2) noting the issue of alcohol dependency, and (3) indicating that the request for recusal was moot, based upon that member's earlier notice recusing herself from participation in this matter. On August 29, 1995, the parties filed a document titled Stipulated Findings of Fact and Conclusions of Law.

At a conference conducted on September 5, 1995, the Conference Judge noted the stipulation document, indicated that the full Court would consider the Conclusions of Law in light of the Stipulation of Facts and directed the parties to present oral argument on that issue on September 12, 1995. The parties presented their arguments regarding the stipulated findings of fact and conclusions of law, and this decision addresses the Court's conclusions regarding the stipulation document.

## Discussion

■ The judicial disciplinary proceedings conducted by and before this Court are procedurally neither purely criminal or civil in nature. Accordingly, the submission of a document which purports to resolve issues of both fact and law raised in a complaint filed by the Judicial Conduct Board against a judicial officer also has the quality of being a hybrid between a negotiated plea and a settlement agreement. In the criminal context, a presiding judge may review a plea agreement and reject the agreement, whereas in the civil context, a settlement between private parties whereby they agree to both facts and legal liability is generally a matter which a presiding judge or court may not interfere.

■ In the past, this Court has accepted such documents and proceeded directly to a sanction hearing. However, as prosecutor, the Board acts a representative of the people of the Commonwealth, and its duty, once it files a formal complaint based on probable cause, is to act on behalf of the Commonwealth's citizens and not as a private entity. Accordingly, this Court's responsibility in reviewing an agreement is more similar to that of a judge in a criminal than civil proceeding.

■ The Court has concluded that, in seeking to fulfill its constitutional mandate, it must not be bound by agreements as to matters of law. Hence, the Court must reject a Board motion to withdraw counts of a complaint, and it must reject proposed conclusions of law submitted by the parties, when, in the Court's opinion, the stipulated facts either do not support the withdrawal, or do not support a proposed conclusion of law. Such an approach is essential in order for the Court to fulfill the intent of the drafters of the Constitution. This Court serves the function of ensuring that, once the Board has made a probable cause determination by filing charges in a Complaint, the relevant facts involving the charges will be made public, either through stipulations of fact or trial.

■ Furthermore, part of this Court's necessary function is to develop a body of law that will provide judicial officers with some guidance as to the conduct which may form the basis for the imposition of sanctions. In order to develop such a body of law, the Court, rather than parties (through binding stipulated agreements), must determine whether the facts support proposed conclusions.

■ In oral argument, the parties indicated that the method by which they arrived at stipulations of fact involved, in part, negotiation as to the Counts in the Complaint to which the Respondent would admit guilt and those Counts which the Board would agree ultimately to withdraw. However, because the stipulations and proposed conclusions do not reflect a consistent legal basis for the withdrawal or retention of many of the numerous original Counts, the Court has concluded that the Court should not accept or

consider the stipulated facts and proposed conclusions of law submitted.

As an example, this Court notes the one remaining Count arising under Part C in the stipulation document, in which the Respondent admits to violating Rule 4D of the Rules of Conduct for District Justices. Rule 4D provides that district justices should not engage in ex parte communications concerning a pending or impending matter. The Board has not persuaded this Court that the stipulated facts support the conclusion that the Respondent violated Rule 4D.

In the future, until the court adopts a procedural rule pertaining to stipulation documents, the following guidelines may be instructive to parties as to the Court's review process when settlement-type agreements are involved: (1) the Court will closely scrutinize documents that resemble plea-bargains to ensure that stipulated facts support proposed conclusions of law; (2) when the submitted stipulations of fact clearly support the withdrawal of charges, i.e., when the pleadings and stipulations clearly indicate that the pursuit of a particular charge is no longer appropriate, the Court may accept the stipulations of fact and conclusions of law; and (3) where the stipulations of fact support neither the withdrawn charges or the remaining charge or charges, the Court may dismiss the Complaint without prejudice.

### ORDER

AND NOW, this 31st day of October, 1995, it is hereby ORDERED that the Stipulations of Fact and Conclusions of Law the Judicial Conduct Board and the Respondent submitted on September 11, 1995 are hereby rejected. A revised schedule for pretrial conference and trial shall follow.

McGINLEY, J., did not participate in the consideration or disposition of this Decision.