**In re Daniel S. DAVIS, Former Magisterial District Judge Magisterial District 20-3-01 Huntingdon County.**

**No. 2 JD 07.**

Court of Judicial Discipline
of Pennsylvania.

Dec. 19, 2007.
Order May 14, 2008.

**ORDER**

PER CURIAM.

AND NOW, this 14th day of May, 2008, after a hearing before the full Court on the subject of sanctions and upon consideration of Respondent's many years of service as a Magisterial District Judge as well as of his full cooperation with the Judicial Conduct Board in its investigation in this case, it is hereby ORDERED that:

1. Respondent is hereby publicly reprimanded, and

2. The Court accepts Respondent's representations made at the Sanction Hearing, that he will never seek judicial office in this Commonwealth,

either by election or appointment; and, based on those representations, the Court has determined to forego the entry of an order forever barring Respondent from holding judicial office in the Commonwealth.

KURTZ, J., did not participate in the disposition or consideration of this case.

PER CURIAM.

## ORDER

AND NOW, this 19th day of December, 2007, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument,

That, in the event objections are not filed, within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will conduct a hearing on the issue of sanctions.

OPINION BY Judge MUSMANNO.

## I.  *INTRODUCTION*

The Judicial Conduct Board (Board) filed a Complaint with this Court on October 11, 2007 against Former Magisterial District Judge Daniel S. Davis (Respon-

dent) consisting of one count which charges that the Respondent:

1.  Violated Rule 5A. of the Rules Governing Standards of Conduct of Magisterial District Judges.

In its Complaint, the Board, in paragraphs 1–8.14. alleged that Respondent had engaged in certain conduct which it described in said paragraphs. The Respondent filed an Answer to the Complaint in which he admitted each and every one of the allegations made in said paragraphs of the Complaint. The Court accepts these admitted facts, recited below, as the facts necessary for the disposition of this case.

## II.  *FINDINGS OF FACT*

1.  This action is taken pursuant to the authority of the Board under Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania which grants authority to the Board to determine whether there is probable cause to file formal charges, and when it concludes that probable cause exists, to file formal charges against a judicial officer for proscribed conduct and to present the case in support of such charges before the Court of Judicial Discipline.

2.  From June 10, 1975, until he resigned effective August 31, 2007, the Respondent served continuously as Magisterial District Judge for Magisterial District 20–3–01 in Huntingdon County, the Twentieth Judicial District, Pennsylvania, encompassing the Townships of Barree, Franklin, Jackson, Logan, Morris, Porter, Smithfield, Spruce Creek, Warriors Mark and West; and the Boroughs of Alexandria, Birmingham and Petersburg, Pennsylvania, with an office located in the Porter Township Building, 7561 Bridge Street, Suite 1, P.O. Box 361, Alexandria, Pennsylvania 16611. As a Magisterial District

Judge he was, at all times relevant hereto, subject to all the duties and responsibilities imposed on him by the Rules Governing Standards of Conduct of Magisterial District Judges.

3. The scheduled audit of Respondent's District Court 20–3–01, for 2003, 2004 and 2005, conducted by the Commonwealth of Pennsylvania Department of the Auditor General ("Department"), Bureau of County Audits, uncovered numerous irregularities and discrepancies with the Respondent Court's paperwork and financial matters.

4. The Bureau of County Audits asked the Department's Office of Special Investigation (OSI) to review the administrative practices and activities of the Respondent; his office staff; and the Magisterial District Court's primary constable, David Metzger.

5. The Department's investigative results were shared with the Board. The Board's independent analysis demonstrates that as a general practice, the Respondent:

(a) failed to discharge his administrative duties, and

(b) failed to maintain accurate and adequate court records.

6. In some cases involving defendants who failed to pay fines and costs, the Respondent issued commitment orders without holding the required hearing to assess the defendant's financial ability to pay.[1] Rather than holding the requisite hearing, the Respondent based his decision on personal and unsubstantiated knowledge of a defendant's finances.

7. The Respondent operated a community service program that did not comply with the laws governing adjudication alternatives.

7.1. Except in cases charging offenses relating to vehicles and game, a magisterial district judge may sentence a person charged with a summary offense to "an appropriate adjudication alternative." 42 Pa.C.S.A. § 1520(a).

7.2. In at least eighteen (18) cases, the Respondent ordered individuals with Vehicle Code offenses to community service, even though Vehicle Code offenses are specifically excluded from alternative adjudication programs. 42 Pa.C.S.A. § 1520.

7.3. The Respondent's community service program was not authorized by either the Huntingdon County Court Administrator or the President Judge. Huntingdon County has no established policy on community service programs for adults and a limited policy of community service for juveniles. Thus, the Respondent operated his community service program on his own, without the consent or authorization of the appropriate county court and judicial officials.

8. The Respondent failed in discharging his administrative oversight responsibilities by permitting Constable Metzger to operate in a manner contradictory to the law and established procedures.

8.1. Rule 431(B) of the Pennsylvania Rules of Criminal Procedure provides:

**Rule 431. Procedure When Defendant Arrested With Warrant.**

---

1. Defendants who are unable to pay their fines and costs can be sentenced to jail both (1) in lieu of payment of fines and costs in traffic cases pursuant to 75 Pa.C.S.A. § 6504 and (2) as an alternative sentence in non-traffic summary offenses pursuant to 42 Pa. C.S.A. § 9758(c). Before a defendant in a non-traffic offense can be sentenced to jail under 42 Pa.C.S.A. § 9758(c), the Pennsylvania Rules of Criminal Procedure require a hearing to be held to determine whether the defendant has the financial ability to pay the fines and costs.

(B) When a warrant of arrest is executed, the police officer shall either:

(1) accept from the defendant a signed guilty plea and the full amount of the fine and costs if stated on the warrant;

(2) accept from the defendant a signed not guilty plea and a full amount of collateral if stated on the warrant;

(3) accept from the defendant in the amount of restitution, fine, and costs due as specified in the warrant if the warrant is for collection of restitution, fine, and costs after a guilty plea or conviction; or

(4) cause the defendant to be taken without unnecessary delay before the proper issuing authority.

8.2. Pennsylvania Rule of Criminal Procedure 454(E)(1) provides:

If the defendant is without the financial means to pay the amount in a single remittance, *the issuing authority* may provide for installment payments and shall state the date on which each installment is due. (Emphasis added).

8.3. Rather than bringing all defendants before the Respondent, Metzger would establish a payment plan for some defendants who were unable to pay the entire amount of the warrant.

8.4. Metzger's payment plans required defendants to make installment payments directly to Metzger.

8.5. Metzger charged service fees each time he collected a payment.

8.6. The Respondent permitted Metzger to establish and collect partial payments from the defendants. This lack of administrative oversight led to serious problems with Metzger's handling of the money he collected from defendant including:

· forgery (of payment remittances collected by Metzger),

· fines and costs collected, not remitted,

· fines and costs collected, but not remitted timely,

· deducting service fees from defendants' payments,

· depositing defendants' payments into his own business and/or personal bank accounts,

· spending defendants' payments prior to remittance to Respondent's District Court,

· requesting defendants pay with cash or money order payable to Metzger rather than to the Respondent's District Court as required, and

· failure to issue receipts to defendants.

8.7. The Respondent knew that Metzger established payment plans when the defendants were unable to pay for their fines and costs.

8.8. The Respondent knew that Metzger collected fines, costs and restitution from defendants and deposited this money in his business and/or personal bank account. The Respondent did not object to Metzger depositing the defendant's payments into Metzger's business and/or personal bank account.

8.9. The Respondent knew Metzger remitted fines, costs and restitution to the Respondent's District Court with a check from Metzger's business bank account by the name of "State Constables Service."

8.10. The Respondent knew Metzger was, in most instances, deducting his service fees from the money collected from defendants and remitting only the remaining portion of the money to the Respondent's District Court.

8.11. The proper procedure is for a constable to remit the entire amount of money collected from a defendant to the

Magisterial District Court along with an invoice for the appropriate constable service fee. The Magisterial District Judge then reviews the constable service fees listed on the service fee invoice and approves the amount to be paid to the constable. Any service fees disallowed are to be refunded to the defendant. Metzger retained his service fees from the money collected from defendants and also retained the five dollar ($5) Commonwealth surcharge.

8.12. The five dollar ($5) Commonwealth surcharge is pursuant to 42 Pa. C.S.A. § 2949(b), which assesses a surcharge of $5 per docket number in each criminal case and $5 per named defendant in each civil case in which a constable or deputy constable performs a service.

8.13. Surcharges collected under 42 Pa. C.S.A. § 2949(b), if collected by a constable or deputy constable, must be turned over within one week to the issuing authority, which is then required to remit the same to the Department of Revenue for deposit into the Constables' Education and Training Account.

8.14. On September 24, 2007, Honorable Robert B. Stewart, III, the District Attorney of Huntingdon County, filed an Amended Information (Huntingdon County Docket No. CP–31–CR–247–2007) against Metzger charging him with:

1. two (2) counts of Forgery (Felony 3), in violation of 18 Pa.C.S.A. § 4101(a)(1)(2)(3) of the Pennsylvania Crimes Code; and,

2. one (1) count of Theft by Failure to Make Required Disposition of Funds Received (Misdemeanor 1) in violation of

18 Pa.C.S.A. § 3927(a) of the Pennsylvania Crimes Code.[2] (A true and correct copy of the Amended Information is attached to the Board's Complaint as Exhibit 1 and is made a part hereof by reference.)

## III. DISCUSSION

Here the Board charges that the Respondent's conduct set out in the Complaint and admitted by Respondent, constitutes a violation of Rule 5A. of the Rules Governing Standards of Conduct of Magisterial District Judges. That Rule provides:

RULE 5. ADMINISTRATIVE RESPONSIBILITIES.

A. Magisterial district judges shall diligently discharge their administrative responsibilities, maintain competence in judicial administration and facilitate the performance of the administrative responsibilities of their staff and of other members of the judiciary and court officials.

We note that, in his Answer, Respondent admits that he violated Rule 5A. While we recognize that Respondent's admission bespeaks of a desire to cooperate with the Board and may well be intended to facilitate the business of the Court, it is this Court which has been invested with the constitutional duty of making the determination of whether any given facts— agreed to or not—constitute a violation of the Constitution or Rules of Conduct such that subjects a judicial officer to discipline. We have dealt with this subject in earlier

---

2. In a press release announcing the filing of the criminal complaint against Metzger, District Attorney Stewart noted:

"I do not believe that either Magisterial District Judge Davis or any other member of his staff ever took any money out of his office other than the salaries that they had earned. This investigation has been difficult for Magisterial District Judge Davis and his staff. They have all cooperated fully with the Auditor General's special investigators."

cases: in *In re Strock*, 727 A.2d 653, 660 (Pa.Ct.Jud.Disc.1998) we said:

We do not believe that this Court should accept and adopt as its own, without examination, stipulations that specified facts (a) support whatever charges the Board and any given respondent stipulate they support, and (b) justify this Court's entering Conclusions of Law that a respondent is subject to discipline for violation of specified constitutional and ethical precepts simply because a given respondent so concedes.

We believe it would be wrong to find that "Respondent is subject to discipline under the Board's complaint" on any count which the facts do not support. We believe this Court's obligation to make an independent examination of the facts to determine if they support the charges which a respondent concedes they support is no less than the obligation of a trial court receiving a guilty plea in a criminal case "to satisfy itself that there is a factual basis for the plea of guilt." *Commonwealth v. Nelson*, 455 Pa. 461, 463, 317 A.2d 228, 229 (1974), and "to determine ... whether the facts acknowledged by the defendant constitute the prohibited offense." *Commonwealth v. Anthony*, 504 Pa. 551, 558, 475 A.2d 1303, 1307 (1984), see also *Commonwealth v. Rosario*, 418 Pa.Super. 196, 613 A.2d 1244 (1992), *aff'd*, 545 Pa. 4, 679 A.2d 756 (1996), *Commonwealth v. Reno*, 303 Pa.Super. 166, 449 A.2d 630 (1982).

We reiterate what we said in *In re Timbers*, 668 A.2d 304, 305 (Pa.Ct.Jud. Disc.1995):

Furthermore, part of this Court's necessary function is to develop a body of law that will provide judicial officers with some guidance as to the conduct which may form the basis for the imposition of sanctions. In order to develop such a body of law, the Court, rather than parties (through binding stipulated agreements), must determine whether the facts support proposed conclusions.

We also note, preliminarily, that Respondent is no longer a judicial officer, having resigned on August 31, 2007, see Finding of Fact No. 2. Though not raised by Respondent, it is appropriate to point out that the jurisdiction of this Court is not thereby terminated. *See, In re Sullivan*, 805 A.2d 71, 72 n. 1 (Pa.Ct.Jud.Disc. 2002); *In re Larsen*, 717 A.2d 39, 43 (Pa. Ct.Jud.Disc.1998); *In re Cicchetti*, 697 A.2d 297, 301 n. 1 (Pa.Ct.Jud.Disc.1997); *In re Chesna*, 659 A.2d 1091, 1092–93 (Pa. Ct.Jud.Disc.1995).

We turn now to the charges set out in the Board's Complaint. The offending conduct of Respondent in this case can be placed into three categories.

■ 1. He issued commitment orders for defendants who had failed to pay fines and costs without holding a hearing to assess the defendant's financial ability to pay (Finding of Fact No. 6). Respondent decided whether or not to commit defendants to jail based on his own unsubstantiated, personal evaluation of defendants' financial wherewithal. This is a violation of the law of Pennsylvania.

75 Pa.C.S.A. § 6504(b) provides that any person who does not comply with an order imposing a fine and costs in a traffic case may be imprisoned. 42 Pa.C.S.A. § 9758(c) provides that, in the event of nonpayment of fines in a non-traffic case, the sentence of the court may include an alternative sentence. 18 Pa.C.S.A. § 1105 authorizes the imposition of a sentence of imprisonment in a non-traffic summary case. Rule 456 of the Pennsylvania Rules of Criminal Procedure provides that in all summary cases "the issuing authority shall conduct a hearing to determine whether

the defendant is financially able to pay as ordered." Rule 456(C). The Rule then provides that "upon a determination that the defendant is financially able to pay as ordered, the issuing authority may impose any sanction provided by law." Rule 456(C)(1).

Respondent's practice described above was in violation of the law and constituted a violation of Rule 4A. of the Rules Governing Standards of Conduct of Magisterial District Judges which prescribes his *adjudicative* responsibilities and not a violation of Rule 5A. which prescribes his *administrative* responsibilities. Rule 4A. provides:

RULE 4. ADJUDICATIVE RESPONSIBILITIES.

A. Magisterial district judges shall be faithful to the law and maintain competence in it. They shall be unswayed by partisan interests, public clamor or fear of criticism.

Holding hearings is the prototypical adjudicative function, and, to say the least, it would be awkward to say that a judge who is ignoring the law by not holding hearings is being "faithful" to it. We find that Respondent's failure to hold hearings to determine defendants' financial ability to pay fines and costs was a violation of Rule 4A. of the Rules Governing Standards of Conduct of Magisterial District Judges.

We recognize that the Board has not charged Respondent with a violation of Rule 4A. but rather with violation of Rule 5A. of the Rules Governing Standards of Conduct of Magisterial District Judges. This in no way offends Respondent's due process rights. We have dealt with this situation before. For example, in *In re*

*Berkhimer,* 877 A.2d 579, 597–98 (Pa.Ct. Jud.Disc.2005) we said:

Any suggestion, however that this may derogate Respondent's right to due process does not hold for, as the Supreme Court held in *In the Matter of Glancey,* 518 Pa. 276, 542 A.2d 1350 (1988) and in *In the Matter of Cunningham,* 517 Pa. 417, 538 A.2d 473 (1988), and as we held recently in *In re Harrington,* 877 A.2d 570 (Pa.Ct.Jud.Disc.2005), the Board's focus on one rule and this Court's finding violation of another is not prejudicial because the underlying conduct is the same and the Respondent has been advised of what that was from the beginning of these proceedings.

*See, also, In re Trkula,* 699 A.2d 3, 12 (Pa.Ct.Jud.Disc.1997).

■ 2. Respondent sentenced defendants charged with summary traffic offenses to community service even though Vehicle Code offenses are specifically excluded from alternative adjudication programs.[3]

Again, the Board charges that this conduct is a dereliction of Respondent's administrative responsibilities in violation of Rule 5A. We consider that Respondent's duty to impose legal sentences, and to refrain from imposing illegal ones, to be exclusively related to his adjudicative responsibilities. Such deviation from the law certainly cannot be equated with faithfulness to it; and thus we do not hesitate to find that this conduct was not a violation of Rule 5A. of the Rules Governing Standards of Conduct of Magisterial District Judges and *was* a violation of Rule 4A.

■ 3. We address now the allegations relating to the extemporaneous, *ultra vires* activities of Mr. Metzger, Respondent's

---

**3.** "Community Service" is included as an "adjudication alternative authorized by [sec-

tion 1520]." 42 Pa.C.S.A. § 1520(a).

constable. Essentially, Mr. Metzger was running a separate court of his own, operated completely outside of the law, and in many ways at variance with it [4]—all with Respondent's knowledge. Findings of Fact Nos. 8.1–8.14.

This is a clear violation of Rule 5A. as charged by the Board, for it was Respondent's duty to supervise his constables—and anybody else working for him—to assure that they conduct the business of his court in compliance with all the laws pertaining to their court duties. This supervisory responsibility is an administrative responsibility and Respondent certainly failed to discharge this responsibility. We, therefore, find that Respondent violated Rule 5A. of the Rules Governing Standards of Conduct of Magisterial District Judges.

## IV.  *CONCLUSIONS OF LAW*

1.  Respondent violated Rule 4A. of the Rules Governing Standards of Conduct of Magisterial District Judges by failing to hold hearings as required by law in order to determine defendants' financial ability to pay fines and costs.

2.  Respondent violated Rule 4A. of the Rules Governing Standards of Conduct of Magisterial District Judges by imposing illegal sentences.

3.  Respondent violated Rule 5A. of the Rules Governing Standards of Conduct of Magisterial District Judges by failing to properly supervise his constable so as to assure that he conduct the business of the court in compliance with the law and not in violation of it.

4.  Respondent is subject to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

KURTZ, J., did not participate in the consideration or disposition of this case.

---

**4.**  Indeed, some of Mr. Metzger's activities may have been criminal, see Finding of Fact No. 8.14.