J-A12004-19

2019 PA Super 205

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD GLENN TERREL RAMSEY, | |
| Appellant | No. 1046 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 8, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009200-2017

BEFORE: BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

OPINION BY BENDER, P.J.E.:                    FILED JULY 2, 2019

Appellant, Edward Glenn Terrel Ramsey, appeals from the judgment of sentence imposed after he pled guilty to one count of possession with intent to deliver a controlled substance (PWID), and one count of delivery of a controlled substance. On appeal, Appellant challenges the legality and discretionary aspects of his sentence. After careful review, we vacate Appellant's judgment of sentence and remand for resentencing.

Appellant's convictions stemmed from his single sale, to an undercover police officer, of a compound mixture containing detectable amounts of heroin and fentanyl. On March 13, 2018, Appellant pled guilty to the above-stated offenses. He was initially sentenced on June 5, 2018, to a term of 3 to 6 years' incarceration. However, on June 8, 2018, the court sua sponte vacated Appellant's sentence and resentenced him to a term of 2 to 4 years'

incarceration for his PWID offense and a concurrent 6 years' probation for his delivery conviction.[1] The court also deemed Appellant eligible for the Recidivism Risk Reduction Incentive Act, 61 Pa.C.S. §§ 4501-4512.

Appellant filed a timely post-sentence motion, which was denied. He then filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on October 11, 2018. Herein, Appellant presents two questions for our review, which we have reordered for ease of disposition:

> I. Did the trial court violate [Appellant's] double jeopardy and due process rights under the United States and Pennsylvania Constitutions by separately sentencing him on two counts of [d]elivery of a [c]ontrolled substance where one single compound containing detectable amounts of both heroin and fentanyl was delivered; where a single criminal act of delivery occurred; and where the specific kind of controlled substance relates only to the applicable Offense Gravity Score [(OGS)] and statutory maximum penalty, and not the statutory elements of the offense?

> II. Where only the most serious juvenile adjudication of each prior disposition is counted in an individual's Prior Record Score [(PRS)] pursuant to 204 Pa. Code § 303.6, did the trial court err by calculating [Appellant's] [PRS] as repeat felony offender [(RFEL)] where [Appellant's] criminal record was comprised of two juvenile adjudications for [b]urglary[,] but where one such adjudication was an adjudication without disposition?

_____

[1] The written sentencing order for this amended sentence is dated June 5, 2018, but the resentencing hearing occurred on June 8, 2018.

- 2 -

Appellant's Brief at 5.[2]

In Appellant's first issue, he argues that the trial court violated his double jeopardy protections under the United States and Pennsylvania Constitutions by separately sentencing him for two drug offenses that arose from a single delivery of a compound mixture containing inseparable controlled substances.[3]  Alternatively, he insists that his sentences for both drug offenses under section 780-113(a)(30) are illegal because those convictions must merge for sentencing purposes.[4]

_____

[2] We note that the Commonwealth informed this Court via letter that it would not be filing a formal brief in this case.  However, in the letter, the Commonwealth concedes the merit of Appellant's first issue challenging the legality of his sentence, remarking that, "at a minimum, the two offenses should have merged for sentencing, and therefore, the case must be remanded for re-sentencing."  See Commonwealth's Letter, 2/26/19 (single page).  In regard to Appellant's second claim, the Commonwealth simply states that the trial court's analysis, discussed infra, appropriately resolves it. See id.

[3] Appellant recognizes that, "because of the nature of his guilty plea, he cannot and does not challenge his convictions" for both counts under 35 P.S. § 780-113(a)(30).  Appellant's Brief at 37 n.17 (emphasis in original).  Instead, he "only challenges the trial court's imposition of separate sentences."  Id.

[4] Appellant concedes that he did not raise his double jeopardy or merger claims until his Rule 1925(b) statement.  See Appellant's Brief at 26 n.12. However, it is well-settled that "[a] challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewed and may even be raised by an appellate court sua sponte."  Commonwealth v. Batts, 163 A.3d 410, 442 (Pa. 2017) (citation omitted); see also Commonwealth v. Foster, 960 A.2d 160, 164 (Pa. Super. 2008) (stating that an "argument premised upon double jeopardy-merger principles is considered to relate to the legality of sentence").

In support of his arguments, Appellant directs our attention to Commonwealth v. Farrow, 168 A.3d 207 (Pa. Super. 2017). There, Farrow was charged, convicted, and sentenced for three counts of driving under the influence (DUI) - general impairment pursuant to 75 Pa.C.S. § 3802(a)(1). Id. at 213. For two of those counts, the Commonwealth added a penalty enhancement under 75 Pa.C.S. § 3804. Id. The Farrow panel recognized that in Commonwealth v. Mobley, 14 A.3d 887 (Pa. Super. 2011), our Court held "that the provisions found in [section] 3804 were not elements of DUI offenses and 'delineate[ only] the applicable penalties to which a defendant is subject when convicted of DUI.'" Farrow, 168 A.2d at 216 (quoting Mobley, 14 A.3d at 894). Accordingly, we held "that, pursuant to the guidance supplied in Mobley, the trial court violated [Farrow's] protection against double jeopardy" by "impos[ing] three separate sentences at three counts that each alleged, at bottom, a single criminal act in violation of the same criminal statute." Id.

The same is true in the instant case. Appellant received separate sentences for two counts that each alleged, at bottom, a single criminal act in violation of section 780-113(a)(30). Each count pertained to a different controlled substance. However, as Appellant observes, "there is nothing in the plain language of [s]ection 780-113(a)(30) that states that the particular drug delivered is an element of the offense — all that is required is that a controlled substance is delivered." Appellant's Brief at 34. Rather, the specification of the particular drug delivered "relates only to the OGS and the

- 4 -

maximum possible penalties for violating the Drug Act." Id. (citing 204 Pa. Code § 303.15 (assigning an offense gravity score to each offense and subcategorizing (a)(30) offenses by type (or schedule) of substance and weight)); see also 35 P.S. §§ 780-113(f), (n), (o) (stating the grading and maximum penalties for particular schedules of substances).

Moreover, our decision in Commonwealth v. Swavely, 554 A.2d 946 (Pa. Super. 1989), on which the trial court solely relies, does not convince us that Appellant's separate sentences are constitutionally permissible. There, Swavely committed one drug delivery of two different types of prescription pills contained in the same vial. Id. at 949. For this act, he was convicted and separately sentenced for two counts of delivery under section 780-113(a)(30). Id. In affirming Swavely's sentences, we stressed that he had delivered two separable substances and, therefore, "two separate offenses occurred, and sentencing on both offenses did not violate the Double Jeopardy Clause of the Fifth Amendment." Id. Importantly, the Swavely panel explicitly distinguished Swavely's delivery of two different, and completely separable, pills from "the delivery of a mixture or compound, in a single unit, containing a detectable amount of more than one controlled substance." Id. at 951. Accordingly, Swavely does not control in the present case. Rather, following the rationale of Farrow, we conclude that the trial court violated Appellant's protection against double jeopardy by imposing separate sentences for convictions that stemmed from his single sale of a compound substance containing inseparable controlled substances.

We also agree with Appellant — as does the Commonwealth — that his two convictions must at least merge for sentencing purposes. Our General Assembly has directed that,

> [n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." Commonwealth v. Baldwin, 985 A.2d 830, 833 (Pa. 2009).

Here, Appellant was convicted of two offenses that are both defined by the same provision:

> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). Appellant convincingly contends that, "under a very simple merger analysis, [his] delivery of the compound containing detectable amounts of both heroin and fentanyl [arose] from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense; indeed, the statutory elements are identical." Appellant's Brief at 34-35. Moreover, our Court has previously

recognized the crime of PWID as a lesser-included offense of delivery of a controlled substance. See Commonwealth v. Eicher, 605 A.2d 337, 353 (Pa. Super. 1992) (stating that "[t]he crime of possession with the intent to deliver … has been recognized to be a lesser included offense of the crime of delivery of a controlled substance") (citing Commonwealth v. Edwards, 449 A.2d 38, 39 (Pa. Super. 1982)). Thus, in addition to violating double jeopardy protections, it is clear that Appellant's separate sentences are illegal because his convictions must merge for sentencing purposes. Accordingly, we vacate Appellant's sentences and remand for resentencing.

Despite this disposition, we must address Appellant's second issue challenging the trial court's calculation of his PRS, as it will afford clarity to the trial court at resentencing. Initially, we observe that this claim constitutes a challenge to the discretionary aspects of Appellant's sentence. See Commonwealth v. Spenny, 128 A.3d 234, 241 (Pa. Super. 2015) (citation omitted).

> [S]uch challenges are not subject to our review as a matter of right. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a statement pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) statement") in his brief on appeal, and (4) raising a substantial question for our review. Commonwealth v. Tejada, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted).

Id.

Here, Appellant preserved his PRS issue before the trial court, he filed a timely notice of appeal, and he includes a Rule 2119(f) statement in his brief.

- 7 -

Additionally, his issue constitutes a substantial question for our review.  See

id. (citation omitted); see also Commonwealth v. Provenzano, 50 A.3d

148, 154 (Pa. Super. 2012) (citing Commonwealth v. Janda, 14 A.3d 147,

165 (Pa. Super. 2011)).  Thus, we will address his sentencing claim herein,

applying the following standard of review:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

Provenzano, 50 A.3d at 154 (quoting Commonwealth v. Walls, 926 A.2d

957, 961 (Pa. 2007) (cleaned up)).

Appellant contends that the trial court erred by factoring both of his two

juvenile adjudications of delinquency for burglary in assigning him a PRS of

RFEL, despite that he only received a disposition on one of those adjudications.

According to Appellant, the fact that he received no disposition for one

burglary adjudication precluded the court from considering it in formulating

his PRS.  Thus, Appellant insists that his correct PRS is three, based on the

single burglary adjudication for which he received a disposition.

Appellant's argument hinges on interpreting several provisions of the sentencing guidelines governing the calculation of a PRS. Initially, we note that,

> although the Pennsylvania Commission on Sentencing, rather than the General Assembly itself, directly adopts the sentencing guidelines and thus they are not statutes per se, the guidelines nevertheless retain a legislative character, as the General Assembly may reject them in their entirety prior to their taking effect, subject, of course, to gubernatorial review.

Commonwealth v. Bonner, 135 A.3d 592, 597 (Pa. Super. 2016) (cleaned up). Thus, we review an issue implicating an interpretation of the sentencing guidelines in the same manner as we review a question of statutory interpretation. See, e.g., id. (concluding that "we review the constitutionality of a sentencing guideline in the same manner that we review the constitutionality of a statute").

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. §§ 1501 et seq., which directs us to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a). To accomplish that goal, we interpret statutory language not in isolation, but with reference to the context in which it appears. See Consulting Eng'rs Council of Penna. v. State Architects Licensure Bd., 522 Pa. 204, 560 A.2d 1375, 1377 (1989). A statute's plain language generally provides the best indication of legislative intent. See, e.g., McGrory v. Dep't of Transp., 591 Pa. 56, 915 A.2d 1155, 1158 (2007); Commonwealth v. Gilmour Mfg. Co., 573 Pa. 143, 822 A.2d 676, 679 (2003); Penna. Fin. Responsibility Assigned Claims Plan v. English, 541 Pa. 424, 664 A.2d 84, 87 (1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words."). Only where the words of a statute are ambiguous will we resort to other considerations to discern legislative intent. 1 Pa.C.S. § 1921(c); see In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election, 577 Pa. 231, 843 A.2d 1223, 1230 (2004)

(citing O'Rourke v. Commonwealth, 566 Pa. 161, 778 A.2d 1194, 1201 (2001)).

Commonwealth v. Kingston, 143 A.3d 917, 922 (Pa. 2016).

"In determining the guideline sentence for a criminal conviction, the trial court must establish the defendant's [PRS]." Commonwealth v. Bullock, 170 A.3d 1109, 1123 (Pa. Super. 2017), appeal denied, 184 A.3d 944 (Pa. 2018) (citing 204 Pa. Code § 303.2(a)(2)). "The [PRS] 'is based on the type and number of prior convictions (§ 303.5) and prior juvenile adjudications (§ 303.6).'" Id. (quoting 204 Pa. Code § 303.4(a)). Regarding prior juvenile adjudications, section 303.6 states:

> (a) Juvenile adjudication criteria. Prior juvenile adjudications are counted in the Prior Record Score when the following criteria are met:
>
>> (1) The juvenile offense occurred on or after the offender's 14th birthday, and
>>
>> (2) There was an express finding by the juvenile court that the adjudication was for a felony or one of the Misdemeanor 1 offenses listed in § 303.7(a)(4).
>
> (b) Only the most serious juvenile adjudication of each prior disposition is counted in the Prior Record Score. No other prior juvenile adjudication shall be counted in the Prior Record Score.

204 Pa. Code § 303.6.

Here, Appellant concedes that his at-issue burglary offenses occurred after his 14th birthday, "and that the Delinquency Adjudication-Disposition Orders entered by the [Court] of Common Pleas of Allegheny County on July 24, 2007, expressly note that both adjudications of delinquency were for felonies." Appellant's Brief at 16 n.5. He argues, however, that under section

- 10 -

303.6(b), only one of his two burglary adjudications can be counted in his PRS. Appellant's argument centers on his conclusion that his consolidated burglary adjudications constitute a single 'disposition,' such that only one of those adjudications, i.e., the 'most serious,' can be counted toward his PRS under section 303.6(b). Appellant further reasons that the only way in which the court could have properly counted his second burglary adjudication was if it resulted in a disposition imposed to run consecutively to his first burglary disposition. Id. (citing 204 Pa. Code § 303.5(b)(1), (2) (stating that, where there are multiple offenses in a judicial proceeding, only the most serious offense, and any offense(s) on which consecutive terms of supervision or confinement are imposed, may be counted in calculating the PRS)). Because Appellant received no disposition for his second burglary adjudication, he insists that it could not be counted in calculating his PRS under sections 303.6 and 303.5.

In rejecting Appellant's argument, the trial court concluded that Appellant's reliance on section 303.6(b) was "misplaced[,]" as that provision "only addresses a scenario where a juvenile is adjudicated of multiple offenses as part of the same case number (disposition), such that only the 'most serious' adjudication of that disposition (case) is counted." Trial Court Opinion (TCO), 10/11/18, at 5 (emphasis added). The court reasoned that, because Appellant's burglary charges were not part of the same case number, they must both count for his PRS. Further, the court concluded that, although Appellant did not receive a disposition for his one burglary

adjudication, it must still be factored into his PRS under section 303.8 and 42 Pa.C.S. § 2154. Those provisions read:

> (a) Prior convictions and adjudications of delinquency.
>
> > (1) A prior conviction means "previously convicted" as defined in 42 Pa.C.S. § 2154(a)(2). A prior adjudication of delinquency means "previously adjudicated delinquent" as defined in 42 Pa.C.S. § 2154(a)(2). In order for an offense to be considered in the Prior Record Score, both the commission of and conviction for the previous offense must occur before the commission of the current offense.

204 Pa. Code § 303.8. Section 2154 sets forth:

> "Previously convicted of or adjudicated delinquent." Any finding of guilt or adjudication of delinquency, whether or not sentence has been imposed or disposition ordered prior to the commission of the current offense.

42 Pa.C.S. § 2154(b) (emphasis added). Based on this emphasized language, the trial court determined "that a prior juvenile adjudication will be counted towards an offender's [PRS], regardless of whether a separate disposition was ordered." TCO at 5.

It is apparent that the difference of opinion between the trial court and Appellant stems from their contrasting interpretations of the phrase, "each prior disposition," that appears in section 303.6(b). The trial court essentially concluded that the phrase means 'each prior case number,' while Appellant construes it as meaning 'each prior judicial proceeding.' Assessing the at-issue language of section 303.6 in the context of Chapter 303 as a whole, see Kingston, supra, leads us to accept Appellant's interpretation.

As set forth supra, section 303.2 defines the term "judicial proceeding" to mean: "[A] proceeding in which all offenses for which the offender has been convicted are pending before the court for sentencing at the same time. A judicial proceeding may include multiple offenses and transactions." 204 Pa. Code § 303.2(b) (emphasis added). Additionally, the term 'judicial proceeding' is used in section 303.5, which pertains to calculating a PRS based on prior, adult convictions. It states, in pertinent part:

> (a) If there is a single offense in the prior judicial proceeding, that offense shall be counted in the calculation of the Prior Record Score.
>
> (b) If there are multiple offenses in the prior judicial proceeding:
>
> > (1) The most serious offense of the judicial proceeding shall be counted in the calculation of the Prior Record Score.
> >
> > (2) Any offense for which a sentence of supervision or confinement is imposed consecutive to a sentence for another offense in the judicial proceeding shall be counted in the calculation of the Prior Record Score.

204 Pa. Code § 303.5(b).

Pursuant to these provisions, had Appellant committed his burglary offenses as an adult, only the first burglary conviction would count toward his PRS. However, under the court's interpretation of section 303.6(b), both of his burglary adjudications must be counted for his PRS. We cannot conclude that the Pennsylvania Commission on Sentencing intended that prior juvenile adjudications result in a higher PRS than similar offenses committed as an adult. Instead, we presume that the commission meant for juvenile adjudications to be treated similarly to adult convictions for PRS purposes.

The fact that section 303.6(b) does not use the term 'judicial proceeding' as used in section 303.5 makes sense, given that the definition of that term refers to convictions and sentencing, which are inapplicable to juvenile offenders. See, e.g., 42 Pa.C.S. § 6354(a) (stating that adjudications of delinquency are not convictions); 42 Pa.C.S. § 6352 (discussing imposition of disposition for juveniles who are adjudicated delinquent). Thus, we agree with Appellant that the phrase, 'every prior disposition,' used in section 303.6(b) must be interpreted similarly to 'judicial proceeding' in section 303.5. Because Appellant's burglary adjudications were pending before the court for disposition at the same time, they are one 'prior disposition' under section 303.6(b).[5] Accordingly, at resentencing, the court must count only the most serious of those two adjudications toward Appellant's PRS.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

_____

[5] We observe that the juvenile court expressly indicated, in its dispositional order for Appellant's second burglary offense, that it adjudicated him delinquent without disposition because it had imposed disposition on his first burglary charge. This supports our decision that only Appellant's first burglary adjudication should count in calculating his PRS. See Appellant's Brief at Appendix E (Delinquency Adjudication-Disposition Order).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2019