J-S06020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MUHAMMAD SAMAD :
:
Appellant : No. 1458 EDA 2020

Appeal from the Judgment of Sentence Entered June 26, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005802-2018

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                          **FILED MAY 12, 2021**

Appellant Muhammad Samad appeals from the amended judgment of sentence[1] imposed after he pled guilty to three counts of possession with intent to deliver (PWID),[2] one count of endangering the welfare of a child, and one count of carrying a firearm without a license.[3]  Appellant argues that his sentence is illegal because (1) the separate sentences for PWID—fentanyl and PWID—cocaine violated constitutional protections against double jeopardy and (2) the sentences for PWID—fentanyl and PWID—cocaine should have

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have corrected the caption to reflect that the appeal properly lies from the amended judgment of sentence.

[2] Specifically, PWID—fentanyl, PWID—cocaine, and PWID—marijuana.

[3] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 4304(a)(1), and 6106(a)(1), respectively.

merged. Appellant also challenges the discretionary aspects of his sentence. We affirm.

We state the facts as set forth at Appellant's guilty plea hearing:

[O]n August 17, 2018, members of the Cheltenham Police Department and Montgomery County Detective Bureau Narcotics Enforcement Team served a warrant on [Appellant's] person, [Appellant's] Mercedes Benz[,] and [Appellant's] home in Cheltenham, Montgomery County, where [Appellant] live[s] with [his] wife and [his] two young daughters.

\* \* \*

[Appellant was] stopped leaving the house in [his] Mercedes. When officers searched the car, they recovered a loaded Glock 26 pistol with a magazine containing 16 rounds, as well as heroin and marijuana. [Appellant] did not have a valid license to carry the firearm. The Glock 26 was in [Appellant's] possession, and [Appellant] intended to sell the heroin and marijuana in [his] car . . .

\* \* \*

Also, when the police went to search [Appellant's] house, they found two kilograms of cocaine in [Appellant's] bedroom, approximately eight pounds of marijuana, 830 packets of heroin in the basement, and over 38 grams of Fentanyl in the house. [Appellant] intended to sell these drugs; . . .

\* \* \*

There were also five firearms or rifles found in the basement. There was a plate of cocaine with residue in the basement.

And these items in the basement, as well as the drugs that were in [Appellant's] unlocked bedroom, were accessible to [Appellant's] daughters who were living in the home, and were six and two years old at the time; . . .

N.T., Plea Hr'g, 2/12/20, at 13-15. Appellant admitted to these factual allegations as part of his open guilty plea on February 12, 2020. *Id.* The trial

court deferred sentencing for the preparation of a pre-sentence investigation (PSI) report. *Id.* at 19.

On June 24, 2020, the trial court imposed concurrent terms of incarceration of seven-and-a-half to fifteen years for PWID—fentanyl (count one), five to ten years for PWID—cocaine (count two), one to three years for PWID—marijuana (count three), and one to three years for endangering the welfare of a child (count thirteen). The trial court also imposed a consecutive term of five to ten years' incarceration for carrying a firearm without a license (count fifteen). Appellant's aggregate sentence was twelve-and-a-half to twenty-five years' incarceration. The trial court did not inform Appellant of his post-sentence and appellate rights and failed to ascertain on the record if counsel had informed Appellant of those rights.

On June 26, 2020, the trial court entered an order *sua sponte* amending the sentence because of an error in the original sentence and "to maintain the original sentencing scheme . . . ." Order, 6/26/20.[4] The trial court amended the sentence for count two, *i.e.*, five to ten years' incarceration, to run consecutively to count one, instead of concurrently. Also, the trial court reduced the sentence for count fifteen from five to ten years' incarceration to three-and-a-half to seven years and ran it concurrently to count one. The

---

[4] The order does not specify what this error is, but based on our review of the record, the original sentence for count fifteen, a felony of the third degree exceeded the lawful maximum.

aggregate sentence remained the same. That order did not apprise Appellant of his post-sentence or appellate rights.

Eleven days later, on July 7, 2020 Appellant filed a motion for reconsideration of sentence (post-sentence motion). Therein, Appellant argued that the trial court's aggregate sentence was above the standard guideline range and greater than necessary to rehabilitate Appellant and to deter future wrongdoing. Appellant also claimed that the trial court abused its discretion by imposing an aggregate sentence above the standard guideline range when his prior record score was mostly based on an old juvenile adjudication, and the trial court did not state reasons for imposing an aggravated sentence. Further, Appellant requested an opportunity to present additional mitigation evidence, namely character witnesses and evidence about his learning disability, neither of which were available at sentencing. The trial court denied Appellant's post-sentence motion that same day. The trial court's order denying Appellant's post-sentence motion informed Appellant "[y]ou have the right to appeal this Order to the Superior Court within thirty (30) days of the date of this Order." Order, 7/7/20.

Appellant filed a notice of appeal thirty-one days later on August 7, 2020. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed its 1925(a) opinion stating that Appellant's appeal was untimely filed, and also addressed Appellant's claims on the merits.

On August 21, 2020, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed. Appellant responded that his

- 4 -

post-sentence motion was timely filed because it was mailed on July 6, 2020. Resp. to Rule to Show Cause, 8/23/20, at ¶¶ 3-5. On October 15, 2020, this Court issued a second rule to show cause why the appeal should not be quashed as untimely filed. Appellant responded that he electronically filed his notice of appeal on August 4, 2020, but the clerk of courts rejected it, informing Appellant he could only submit the notice of appeal by mail and must include the filing fee. Resp. to Rule to Show Cause, 10/23/20, at ¶¶ 5-6; Ex. A; Ex. B. Appellant then mailed a physical copy of the notice of appeal and the filing fee to the trial court on August 5, 2020, and the clerk date-stamped it on August 7, 2020. *Id.* at ¶ 7. Appellant contends that the perfection of an appeal is not dependent on the payment of a filing fee, and his appeal should be treated as timely filed on August 4, 2020, the date of his original, rejected filing. *Id.* at ¶¶ 10-11 (citing ***First Union Nat. Bank v. F.A. Realty Inv. Corp.***, 812 A.2d 719, 722-23 (Pa. Super. 2002)). This Court discharged the rules to show cause and deferred the issue to the present panel. Order, 12/4/20.

On appeal, Appellant raises three issues, which we reorder and summarize as follows:

1. Did the trial court violate the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions by imposing separate sentences for PWID—fentanyl and PWID—cocaine?

2. Are Appellant's separate sentences for PWID—fentanyl and PWID—cocaine illegal because the charges should have merged for sentencing purposes?

- 5 -

3. Did the trial court abuse its discretion in imposing statutory maximum consecutive sentences for counts 1 and 2, by failing to account for the age of [Appellant's] juvenile adjudications which formed the bulk of the prior record score, and by failing to give adequate weight to mitigating circumstances?

Appellant's Brief at 3 (some formatting altered).

## Timeliness of Appeal

Before reaching the merits, we must first determine whether we have jurisdiction over this appeal. *See Commonwealth v. Horn*, 172 A.3d 1133, 1135 (Pa. Super. 2017) (stating that appellate courts may consider the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted). "In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3). When a trial court amends the sentence, the appeal lies from the amended judgment of sentence. *See Commonwealth v. Garzone*, 993 A.2d 1245, 1254 (Pa. Super. 2010).

"[T]he time for filing an appeal can be extended beyond [thirty] days after the imposition of sentence only if the defendant files a timely post-sentence motion." *Green*, 862 A.2d at 618; *see also* Pa.R.Crim.P. 720(A)(2) (stating a notice of appeal shall be filed within thirty days of the post-sentence motion being denied or withdrawn). Pa.R.Crim.P. 720(A)(1) requires that post-sentence motions be filed within ten days of the imposition of sentence.

It is well-established that untimely post-sentence motions do not toll the thirty day appeal period. **See Green**, 862 A.2d at 618.

Generally, an appellate court cannot extend the time for filing an appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007). "Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." **Id.** "The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court . . . either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." **Id.** (citations omitted).

Here, the trial court did not notify Appellant of his post-sentence or appellate rights, either on the record at sentencing or in the June 26, 2020 order amending the judgment of sentence that was mailed to Appellant. Therefore, we conclude a breakdown in the operations of court occurred which excuses the late filing of Appellant's post-sentence motion. **See Patterson**, 940 A.2d at 498-500. Moreover, we conclude despite being docketed on the thirty-first day after the denial of his post-sentence motion, Appellant timely filed his appeal.[5] Therefore, we now proceed to consider Appellant's claims.

---

[5] As noted above, Appellant electronically filed a notice of appeal on August 4, 2020, but the clerk of courts rejected it because Appellant had not paid the filing fee. **See** Resp. to Rule to Show Cause, 10/23/20, at ¶¶ 5-6; Ex. A; Ex. B. This Court has explained, "[a]n appeal filed within the allowed time period without the requisite fee will still be considered valid." **First Union Nat. Bank**, 812 A.2d at 722-23.

**Double Jeopardy and Merger**

Appellant argues that the separate sentences for counts one and two (PWID—fentanyl and PWID—cocaine, respectively) are illegal for two reasons. Appellant's Brief at 15-19. First, Appellant asserts that because these two offenses arose from the same incident, "the imposition of separate sentences for each count violates the United States and Pennsylvania Constitution[]s['] prohibition[s] against double jeopardy." *Id.* at 16. Second, Appellant claims that that the trial court should have merged his sentences for counts one and two under 42 Pa.C.S. § 9765. *Id.* at 18-19.

Appellant contends that because his PWID—fentanyl and PWID—cocaine convictions arose from the same criminal episode and consist of the same elements, counts one and two must be considered the same offense for double jeopardy and merger purposes. *Id.* at 15-19. Specifically, Appellant argues that his convictions "arose from the same criminal episode, namely, the search of defendant's vehicle and home on August 17, 2018." *Id.* at 18. Appellant also claims that the elements of counts one and two are identical because the particular drug possessed or delivered is not an element of the offense of PWID. *Id.* at 15-19 (citing, *inter alia*, **Commonwealth v. Ramsey**, 214 A.3d 274, 278 (Pa. Super 2019)). Appellant further argues contends that **Ramsey** overruled *sub silentio* our decision in **Commonwealth v. Roberts**, 133 A.3d 759 (Pa. Super. 2016). *Id.* at 16-17. Therefore, Appellant concludes that the trial court erred in relying on **Roberts** in its Rule 1925(a) opinion. *Id.* at 16. Lastly, Appellant claims that **Commonwealth v. Swavely**, 554 A.2d 946 (Pa.

Super. 1989), is not applicable to this case because the defendant in **Swavely** was convicted of two counts of PWID, one for a Schedule II controlled substance and the other for a Schedule IV controlled substance, while this case involves fentanyl and cocaine, which are both Schedule II controlled substances. *Id.* at 17.

The Commonwealth responds that Appellant's separate sentences for counts one and two do not violate the constitutional prohibitions against double jeopardy because the charges at counts one and two are for different drugs. Commonwealth's Brief at 25-30 (citing **Swavely**, 554 A.2d at 949, 951, 953). Likewise, the Commonwealth argues that counts one and two do not merge because each count requires proof of an element not included in the other, namely the particular drug possessed. *Id.* at 36-37. The Commonwealth further argues that counts one and two do not merge because these counts "did not arise from a single criminal act and the statutory elements of one are not included in the statutory elements of the other." *Id.* at 31. The Commonwealth asserts Appellant's convictions arose from multiple criminal acts because Appellant possessed multiple kinds of drugs, possessed them in different locations inside his home and his car, and intended to make multiple sales at different times. *Id.* at 34-35.

The Commonwealth argues **Ramsey** is distinguishable from the facts of this case because the defendant in **Ramsey** sold "a compound which could not be separated into its component parts" and the defendant pleaded guilty to one count of PWID and one count of delivery a controlled substance. *Id.*

at 33-34, 36. According to the Commonwealth, the *Ramsey* Court applied existing precedent that PWID was a lesser-included offense of delivery of a controlled substance. *Id.* at 34 (citing *Ramsey*, 214 A.3d at 279). The Commonwealth further contends that Appellant's interpretation of *Ramsey* is incorrect, and that *Ramsey*, *Roberts*, and *Swavely* all "make it clear that the particular drug delivered is, in fact, an element of the offense [of PWID]." *Id.* at 36.

Whether convictions merge for sentencing purposes involves the legality of a sentence. *See Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). A double jeopardy claim also "implicates the legality of Appellant's sentence[.]" *Commonwealth v. Crissman*, 195 A.3d 588, 590-91 (Pa. Super. 2018). Our Supreme Court has explained that "[t]he test for sentencing merger is the same test utilized to decide whether more than one offense has been committed in the double jeopardy context." *Commonwealth v. Davidson*, 938 A.2d 198, 218 (Pa. 2007) (citations omitted). Our standard of review is *de novo* and our scope of review is plenary.[6] *See Baldwin*, 985 A.2d at 833; *Crissman*, 195 A.3d at 591.

Our Supreme Court has explained that Section 9765 of the Sentencing Code "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of

---

[6] We note that Appellant raised his double jeopardy and merger claims for the first time in his Rule 1925(b) statement. However, because these claims implicate the legality of the sentence, they cannot be waived. *See Commonwealth v. Olson*, 179 A.3d 1134, 1137 (Pa. Super. 2018).

the offenses are included in the statutory elements of the other." ***Baldwin***, 985 A.2d at 833 (citing 42 Pa.C.S. § 9765). "Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765.

To determine whether there is a single criminal act, we must examine the crimes as charged by the Commonwealth. ***Commonwealth v. Jenkins***, 96 A.3d 1055, 1060 (Pa. Super. 2014). If the offenses arise from a single criminal act, a merger analysis must then consider whether "all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Baldwin***, 985 A.2d at 833 (citing 42 Pa.C.S. § 9765).

Our Supreme Court has explained that

we cannot ignore the simple legislative reality that individual criminal statutes often overlap, and proscribe in the alternative several different categories of conduct under a single banner. ***See, e.g.***, aggravated assault, 18 Pa.C.S. § 2702 (defining seven distinct violations of law); involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123 (setting forth eight separate violations). Consequently, in such cases, we caution that trial courts must take care to determine which particular "offenses," *i.e.* violations of law, are at issue in a particular case. ***See, e.g., Commonwealth v. Johnson***, 874 A.2d 66, 71 n.2 (Pa. Super. 2005) (recognizing that a particular subsection of a criminal statute may merge with another crime as a lesser-included offense even though a different subsection of that same statute may not).

***Id.*** at 837 n.6 (some formatting altered).

The Controlled Substance, Drug, Device and Cosmetic Act defines PWID as follows:

Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30); *see also Commonwealth v. Dix*, 207 A.3d 383, 390 (Pa. Super. 2019) (stating the elements of PWID are that "the defendant knowingly or intentionally possessed a controlled substance without being properly registered to do so, with the intent to . . . deliver it." (citations omitted)), *appeal denied*, 217 A.3d 790 (Pa. 2019).

In *Swavely*, this Court examined whether separate sentences for two counts of PWID, one for a Schedule II controlled substance and the other for a Schedule IV controlled substance, violated constitutional protections against double jeopardy and the merger doctrine. *Swavely*, 554 A.2d at 947. The offenses arose from a single sale of the two drugs packaged in a single plastic vial. *Id.* The *Swavely* Court explained that because "[e]ach offense includes an element distinctive of the other, *i.e.* the particular controlled substance. . . . two separate offenses occurred, and sentencing on both offenses did not violate the Double Jeopardy Clause. . . ." *Id.* at 949. This Court also found that the two PWID sentences did not merge, explaining that

the two separate offenses committed **did not necessarily involve one another**. Though contained in the same vial when transferred, neither offense required the existence of the other drug for its completion. Either offense could readily have been completed without the other. That [the defendant] chose to complete both crimes in one transfer does not render one crime necessarily included in the other.

- 12 -

*Id.* at 952 (emphasis in original).

In *Roberts*, the defendant was convicted of two counts of PWID, one for powder cocaine and the other for crack cocaine. *Roberts*, 133 A.3d at 763. The trial court imposed separate sentences for the two counts of PWID. *Id.* at 767. On appeal, defendant argued that the trial court imposed an illegal sentence because the two PWID convictions should have merged for sentencing purposes. *Id.* at 773. The *Roberts* Court discussed the elements portion of Section 9765's merger test in terms of greater and lesser included offenses. *Id.* (citing *Commonwealth v. Williams*, 958 A.2d 522, 527 (Pa. Super. 2008); 42 Pa.C.S. § 9765). This Court affirmed the judgment of sentence, concluding that the two PWID counts did not merge because neither was a greater or lesser included offense of the other. *Id.* at 773-74.

More recently, in *Ramsey*, this Court examined whether separate sentences for PWID and delivery of a controlled substance violated constitutional protections against double jeopardy and whether the two counts should merge for sentencing purposes. *Ramsey*, 214 A.3d at 276-79. In that case, the defendant sold "a compound mixture containing detectable amounts of heroin and fentanyl[]" to an undercover police officer. *Id.* at 276. The *Ramsey* Court distinguished *Swavely*, and held that the separate sentences for PWID and delivery of a controlled substance that stemmed from a "single sale of a compound substance containing inseparable controlled substances[]" violated the defendant's protection against double jeopardy. *Id.* at 278. Lastly, this Court held that PWID and delivery of a controlled

substance merged for sentencing purposes. *Id.* at 279 (citing

*Commonwealth v. Eicher*, 605 A.2d 337, 353 (Pa. Super. 1992);

*Commonwealth v. Edwards*, 449 A.2d 38, 39 (Pa. Super. 1982)).

Here the trial court held that

merger analysis is not appropriate when the offense charged in a case stem from different criminal acts. *Commonwealth v. Healey*, 836 A.2d 156, 158-15[9] (Pa. Super. 2003). In the context of possession with intent to deliver charges, the Pennsylvania Superior Court has found that the possession of different substances, do not constitute a greater and lesser included offenses to merge for sentencing purposes. *Commonwealth v. Roberts*, 133 A.3d 759, 773 (Pa. Super. 2016).

In this case, Appellant was convicted at Count 1 [] for the possession with intent to deliver—fentanyl and he was convicted at Count 2 for the possession with intent to deliver—cocaine. Therefore, C[]ounts 1 and 2 would not merge because fentanyl and cocaine are different drugs found in different locations in Appellant's home. *See*, Affidavit of Probable Cause. Therefore, these convictions do not merge at sentencing and the sentence imposed is proper.

Trial Ct. Op., 9/23/20, at 15.

We find no error in the trial court's analysis. Specifically, we conclude that *Roberts* is controlling and that the separate sentences for PWID—fentanyl and PWID—cocaine do not merge for sentencing purposes and do not violate the prohibition against double jeopardy. As in *Roberts*, even assuming that the instant offenses arose from the same criminal act, one count is not a greater or lesser offense of the other. *See Roberts*, 133 A.3d at 773-74; *see also Swavely*, 554 A.2d at 949-52. We also conclude that Appellant's reliance on *Ramsey* merits no relief. *Ramsey* involved a single

sale of a single compound and inseparable mixture of two controlled substances, whereas this case involves two different controlled substances, which were not mixed together. ***Compare Ramsey***, 214 A.3d at 276, 278 ***with*** N.T., Plea Hr'g, 2/12/20, at 13-14; ***and*** Trial Ct. Op. at 15. Given these differences, the holding of ***Ramsey*** is not applicable to the facts of this case.[7] ***See Commonwealth v. Kane***, 210 A.3d 324, 332 (Pa. Super. 2019), *appeal denied*, 218 A.3d 856 (Pa. 2019) (reiterating "the holding of a judicial decision is to be read against its facts" (citation and quotation marks omitted)).

Therefore, Appellant is not entitled to relief on his double jeopardy and merger claims. ***See Baldwin***, 985 A.2d at 833.

### Discretionary Aspects of Sentencing

Appellant also challenges the discretionary aspects of his sentence. Appellant's Brief at 12-14. Appellant argues that the trial court abused its discretion by focusing solely on the seriousness of the offense and completely ignored the substantial mitigation evidence presented at sentencing. ***Id.*** at 13-14. Appellant further contends that the trial court abused its discretion by imposing consecutive sentences on count one and count two. ***Id.*** Appellant further notes that his prior record score was five, and the bulk of his prior

_____

[7] Additionally, even if ***Ramsey*** and ***Roberts*** were indistinguishable, we reject Appellant's contention that ***Ramsey*** implicitly overruled ***Roberts***. It is well-established that one three judge panel of this Court may not overrule a prior, precedential decision another three judge panel. ***See Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013). A three-judge panel of this Court decided ***Ramsey***, therefore it could not have overruled the three judge panel in ***Roberts***. ***See id.***

- 15 -

record score resulted from a nineteen-year-old juvenile adjudication for aggravated assault.[8] *Id.* at 12.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

---

[8] In his concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence, Appellant elaborates that the trial court abused its discretion in that it failed to give any weight to the age of defendant's juvenile adjudications, particularly a nineteen-year-old adjudication for aggravated assault. Appellant's Brief at 10.

Here, in his post-sentence motion, Appellant argued that the aggregate sentence was above the standard guideline range and greater than necessary to rehabilitate Appellant and to deter future wrongdoing. *See* Appellant's Post-Sentence Mot., 7/7/20, at ¶ 7. Appellant also contended that the trial court erred in imposing an aggregate sentence above the standard guideline range when his prior record score was mostly based on an old juvenile adjudication. *See* Appellant's Post-Sentence Mot., 7/7/20, at ¶ 8. Appellant, however, did not raise his claims that the trial court erred by focusing solely on the seriousness of the offenses, ignoring mitigation evidence, and running the sentences for count one and two consecutively. *See id.* at ¶¶ 1-8.

Based on our review of the record, we conclude that Appellant has waived his claims that the trial court abused its discretion by focusing solely on the seriousness of the offense, ignoring mitigation evidence, and imposing consecutive sentences by failing to preserve them at sentencing or in his post-sentence motion. *See Malovich*, 903 A.2d at 1251; *see also* Pa.R.A.P. 302(a).

As for Appellant's claim that the trial court erred with respect to the weight it gave to his prior record score, that claim was preserved in his post-sentence motion, his 1925(b) statement, and in his brief's concise statement of the reasons relied upon for allowance of appeal. *See Corley*, 31 A.3d at 296. However, we hold that this claim does not present a substantial question

for our review.[9] ***See Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007) (noting that the sentencing guidelines "are merely one factor among many that the court must consider in imposing a sentence" (citation omitted)); ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) (stating that "a claim that a court did not weigh the [sentencing] factors as an appellant wishes does not raise a substantial question" (citations omitted)).

For these reasons, we conclude that Appellant has failed to preserve or raise a substantial question warranting further review. Accordingly, Appellant's challenges to the discretionary aspects of his sentence fail.[10]

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/12/2021*

_____

[9] We note that a claim that the trial court **miscalculated** a defendant's prior record score raises a substantial question that the sentence is inappropriate. ***See Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa. Super. 2003). However, Appellant only challenges the weight the trial court gave to the prior record score, and does not argue that the trial court erred in including Appellant's juvenile adjudications in the calculation of the prior record score. ***See*** Appellant's Brief at 10-11.

[10] Even if we were to review the merits of the issues preserved in Appellant's post-sentence motion, we would, ultimately, find them meritless.